PER CURIAM.
The appellant was indicted for first degree murder. He pled not guilty by reason of insanity. Trial before a jury resulted in a verdict of guilty, with a recommendation of mercy. A mandatory life sentence followed. The defendant appealed.
The sole contention made here is that the trial court committed reversible error in *539 allowing the use, as evidence bearing on the issue of insanity, of a statement volunteered by the appellant at the time of his arrest, when advised of his rights (a la Miranda) including a right to an attorney, “I know. I guess I will have to get a lawyer.”
The sufficiency of the evidence otherwise was not challenged. The facts of the homicide were not in dispute. The appellant shot and killed his wife in the presence of his son-in-law, in the latter’s home in which his wife was then residing. He remained there until a police officer arrived. The officer, upon being informed as to what had occurred, placed the appellant under arrest and informed him sufficiently as to his rights, in the course of which, with respect to advice as to entitlement to a lawyer, the appellant made the statement above quoted of an awareness of the advisability of obtaining counsel. After advising the appellant of his rights the arresting officer did not interrogate him.
At the trial, in rebuttal of testimony presented on behalf of the defendant on the issue of insanity, the state brought out the statement in question, including it in hypothetical questions which were propounded to expert witnesses.
On behalf of Ihe appellant it is contended that his statement about obtaining a lawyer could not properly be revealed, as bearing on his sanity or insanity, because the statement dealt with an election to avail himself of a constitutionally provided right to counsel. As authority to support that contention the appellant cited Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, and Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. Those cases do not appear applicable to this situation. The Jones case is not in point. In Simmons, the Supreme Court of the United States held that when a defendant testifies in support of a motion to suppress evidence on fourth amendment grounds, his prior testimony on the motion is not admissible against him at trial over his objection, on the issue of guilt. In the Griffin case the court held that a defendant in a criminal case tried before a jury, who failed to testify in his own behalf, was protected against comment thereon by the prosecution or by the court.
Here the statement made by the appellant relating to employment of counsel was not introduced by the state as an admission constituting evidence of guilt, but as revealing the state of mind of the appellant at the time made, as it might bear on the question of his sanity. Entirely aside therefrom, the commission of the offense by the appellant was established beyond dispute. Moreover, as pointed out by the state, with supporting authority,[1] the appellant’s contention is defective as a ground on appeal for want of objection at trial.
Affirmed.

. State v. Jones, Fla.1967, 204 So.2d 515; State v. Galasso, Fla.1968, 217 So.2d 326.