328 So.2d 548 (1976)
Vincent FARESE, a/K/a Vincent Somma, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. X-71.
District Court of Appeal of Florida, First District.
March 23, 1976.
*549 James L. Harrison of Harrison & Finegold, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Defendant was charged with aggravated assault and convicted by a jury as charged. He appeals from the judgment of conviction and sentence to the state prison.
The issue which is determinative here is whether the trial court erred in refusing to declare a mistrial where the State adduced testimony that after defendant was arrested and given his constitutional rights, he remained silent.
During the State's direct examination of the arresting officer, the following occurred:
"Q. Did you place him under arrest and advise him of his constitutional rights?
A. Yes.
Q. Did Mr. Farese, after you had done this  did he ever make any statement to you?
A. No, he did not.
Q. Nothing in the way of explanation or anything?
A. No, Sir."
The defendant moved for a mistrial. It was denied. However, the trial court did strike the testimony and admonished the jury to disregard the testimony.
This was fundamental error. Comment on a defendant's right to remain silent is a constitutional defect which requires reversal without regard to the doctrine of harmless error. Bennett v. State, 316 So.2d 41 (Fla. 1975).
In fairness to the trial court, we point out that Bennett v. State had not been rendered at the time of its ruling, and that Bennett reversed this Court's decision in Wright v. State, 251 So.2d 890, which applied the harmless error doctrine.
In addition, we would like to commend the Assistant Attorney General, who handled this case on appeal for the State, for his candor, sense of fair play and helpfulness to the Court.
Reversed and remanded for a new trial.
McCORD, Acting C.J., and SMITH, J., concur.