SCHULZ, GEORGE E., Associate Judge.
Appellant was charged with murder in the first degree. The jury found him guilty of murder in the third degree. This appeal follows the verdict claiming the trial court erred in allowing certain rebuttal evidence to be heard by the jury that violated appellant’s rights under Miranda v. Arizona, 384 U.S. 436, 468 n. 37, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). At the time appellant was taken into custody he was given his Miranda warnings by a police officer who later testified at the trial to the following: Subsequent to said warnings being given, appellant stated he did not want to discuss the case without the advice of an attorney. However, the police witness testified under further questioning of the appellant before or after the Miranda warnings had been given the appellant stated that he did not shoot anyone. This evidence was admitted as rebuttal testimony on behalf of the State, after the appellant took the stand in his own behalf and testified he did shoot the victim of the murder, but that it was done in self-defense.
The issue now before us is to determine if the State’s rebuttal testimony through the police witness was prejudicial and denied the appellant a fair trial, even though it appears that prior inconsistent statement was made by the appellant relative to the shooting.
The court is mindful of the evidentiary rule that provides prior inconsistent statements may be used to impeach the credibility of a witness including a defendant, and the State contends what occurred at the police interrogation has significant probative value and was admissible for impeachment purposes.
What concerns the court is the jury heard the police witness tell them at the time the Miranda warnings were given to the appellant, he said he wanted the advice of an attorney before dicussing the case. This was while the police interrogation continued. It is difficult to determine how much weight a jury would assign to such a statement by the appellant. We are of the opinion that this evidentiary matter is more prejudicial than if the appellant had said nothing or remained silent. Compare, United States v. Hale, 422 U.S. 171, 95 S. Ct. 2133, 45 L.Ed.2d 99 (1975). See also, Bennett v. State, 316 So.2d 41 (Fla.1975). In the Hale case, the respondent after having been given the Miranda warnings chose to remain silent. At the trial this was brought to the attention of the jury on cross-examination of the respondent by the prosecution, asking why he remained silent if he was innocent. The Supreme Court in its opinion said, 95 S.Ct. at 2138, “The danger is that the jury is likely to assign much more weight to the defendant’s previous silence than is warranted.”
In Grunewald v. United States, 353 U.S. 391, at 423-24, 77 S.Ct. 963, at 983, 1 L. Ed.2d 931, at 954 (1957), the court said:
“We are not unmindful that the question whether a prior statement is sufficiently inconsistent to be allowed to go to the jury on the question of credibility is usually within the discretion of the trial judge. But where such evidentiary matter has grave constitutional overtones, . , we feel justified in exercising this Court’s supervisory control to pass on such a question.”
We feel the rebuttal testimony of the police witness should have been excluded.
Accordingly, we hold that such evidence was prejudicial error and that the appellant is entitled to a new trial.
The judgment below is reversed and the cause is remanded for a new trial.
CROSS and DOWNEY, JJ., concur.