332 So.2d 349 (1976)
John C. BOSTIC, Appellant,
v.
STATE of Florida, Appellee.
No. 75-767.
District Court of Appeal of Florida, Fourth District.
May 14, 1976.
Rehearing Denied June 16, 1976.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, for appellant.
*350 Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony Musto, Asst. Atty. Gen., West Palm Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
Bostic appeals from his conviction, after a jury trial, for the possession of marijuana. We reverse for a new trial because of the erroneous admission of evidence that, after his arrest, the defendant asserted his Miranda rights to remain silent and made no statement to the arresting police officers. Both of the officers in question so testified at the trial. The state, as it must, see Bennett v. State, 316 So.2d 41 (Fla. 1975), concedes the impropriety of this testimony, but nonetheless argues for affirmance on the interrelated grounds that the defendant admittedly failed to object to the offending testimony below and that the error, if any, was harmless under all the circumstances of the case. We reject both of these contentions.
There can be no doubt that the error involving the admission of such testimony is of constitutional and fundamental dimensions, and thus does not require a trial objection to preserve the issue on appeal. The Third District, in Jones v. State, 200 So.2d 574 (Fla.App.3rd 1967), a decision recently followed and expressly approved by our Supreme Court in Bennett v. State, supra, squarely so held on facts identical to those before us here.
Nor, on the other hand, and even assuming  despite the Supreme Court's statement in Bennett, at 316 So.2d 41, that the error "warrants reversal without consideration of the doctrine of harmless error"  that the doctrine applies at all to this situation, can the effect of the evidence be deemed constitutionally harmless in this case. At the trial, Bostic took the stand and admitted the possession of the marijuana in question. He claimed, however, that his having done so was merely for the purpose of making a deal for another "more serious" controlled substance in his capacity as a confidential informant for Officer Kelsey of the Orlando Police Department. Kelsey testified for the defendant that Bostic had, in fact, served as a "c.i." for him in the past. Under these circumstances, the effect upon the jury of the obvious inference that, if this version were true, the defendant would have immediately related it to the arresting officers renders the testimony that he did not do so and chose to remain silent rather plainly harmful to the defendant's position below. At the very least, "there is a reasonable possibility that it might have contributed to the conviction. Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)." Bennett v. State, supra, at 316 So.2d 41; Acee v. State, 330 So.2d 496 (Fla.App.4th, Opinion filed April 2, 1976).
REVERSED AND REMANDED.
WALDEN, C.J., and CROSS, J., concur.