338 So.2d 857 (1976)
Willie MANSFIELD and Tommie Louis Harris, Appellants,
v.
The STATE of Florida, Appellee.
Willie MANSFIELD, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 75-1330, 75-1485 and 75-1331.
District Court of Appeal of Florida, Third District.
June 15, 1976.
Rehearing Denied November 2, 1976.
*858 Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., and Ann Bradley, Legal Intern, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Willie Mansfield and Tommie Harris seek reversal of their convictions for trespass and grand larceny. Mansfield also appeals his revocation of probation.
In response to a silent burglar alarm, the police surrounded Douglas Freight Salvage warehouse and began a search of the building. Harris was found hiding in a clothing drawer and Mansfield hiding in a refrigerator. The two were informed against for breaking and entering with intent to commit grand larceny, and grand larceny. They were tried together and the jury found them guilty of trespass (as a lesser included offense of breaking and entering), and grand larceny. A revocation hearing was then held on Mansfield's prior probation. Whereupon, the court found him to be in violation of his probation, entered an order of revocation and imposed a three-year sentence.
Defendants urge as reversible error the denial of their motion for mistrial where one of the police officers testified that Harris exercised his right to remain silent during a police interrogation thereby violating both defendants' privilege against self-incrimination based upon the following colloquy:
"Q Did you have occasion to speak with either one of these defendants after this?
"A Yes, sir.
"I began the interview with Tommie Harris first, and he said he knew his constitutional rights but that he didn't want to talk to me then and he was going to wait and talk to a lawyer first.
"So, at this point, I terminated the interview with him and those were the only questions that he answered.
"MR. FLYNN: I move to strike the answer. I move for a mistrial.
"THE COURT: The objection is sustained. The motion is denied."
Bennett v. State, Fla. 1975, 316 So.2d 41 holds that any comment upon the defendant standing mute or refusing to testify in the face of an accusation is fundamental error requiring a new trial. This principle of law does not apply here as Harris' statement was not made in the face of accusation. Harris voluntarily made the statement, after he was given Miranda warnings, that he knew his constitutional rights but didn't want to talk. Thereupon the questioning terminated and no effort was made by the officer to confront him with any accusation of guilt or any incriminating evidence. Cf. State v. Flanagan, 443 S.W.2d 25 (1969).
If there was error, the error was harmless as the evidence of guilt was overwhelming and we are satisfied that the above testimony did not contribute to the conviction of the defendants. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Bennett v. State, supra, at 44.
Mansfield's contention that the order revoking his probation was erroneous lacks merit.
Affirmed.
*859 PEARSON, Judge (dissenting).
I am convinced that these judgments must be reversed under the holding in Bennett v. State, Fla. 1975, 316 So.2d 41. Under that holding, the harmless error doctrine is not applicable. The constitutional rights of an individual are of such importance that they cannot be violated and then excused. These rights must be enforced even in the most difficult cases.

ON PETITION FOR REHEARING
Appellants in their motion for leave to supplement petition for rehearing cites this court to Shannon v. State, 335 So.2d 5 (Fla., opinion filed June 30, 1976) which holds that the harmless error doctrine is inapplicable to the error complained of in Bennett v. State, 316 So.2d 41 (Fla. 1975). We hereby grant appellants' motion to supplement petition for rehearing and strike the next to the last paragraph of our opinion with respect to the issue of harmless error.
Nevertheless, the rule is that any comment upon the accused's exercise of his right to remain silent in the face of an accusation of guilt of the crime for which he is arrested and charged constitutes reversible error. Bennett v. State, 316 So.2d 41, 42 (Fla. 1975). We adhere to our primary finding that Harris' statement to the arresting officer that he didn't want to talk to them was not made in the face of accusation and, therefore, distinguishable from the factual situation in Bennett, supra. After Harris stated he knew his rights and did not wish to talk, the officer made no effort to confront Harris with any accusation of guilt and terminated the interview.
Accordingly, the petition for rehearing as supplemented is denied.
PEARSON, J., dissents.