335 So.2d 566 (1976)
Steven Thomas LUCAS, Appellant,
v.
STATE of Florida, Appellee.
No. AA-237.
District Court of Appeal of Florida, First District.
June 29, 1976.
Rehearing Denied August 16, 1976.
Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Jeanne Davis Schwartz, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant was charged, tried, convicted, and sentenced for sexual battery by the use of physical force and violence not likely to cause serious personal injury. (F.S. 794.011(5)) His main arguments on appeal are that his statements made to interrogating officers should have been ruled inadmissible because of inadequate Miranda warnings, and that his several motions for mistrial based on prosecutorial misconduct and testimony by a prosecution witness reflecting upon his right to remain silent should have been granted.
Officer Linwood Sweeney took three statements from appellant. Prior to each of the first two statements, appellant was informed of his constitutional rights and signed a waiver of rights form. Upon Officer Sweeney attempting to take a third statement from appellant, the officer told appellant that he had the right to remain silent, that anything he did say would be *567 used against him in court, and that he had a right to consult a lawyer before talking. According to the officer, appellant stated that he did not know, and had never met or seen the victim of the crime, and did not want to talk to Officer Sweeney anymore.
Appellant claims that the third statement should have been suppressed because the warnings given by Officer Sweeney to appellant were legally inadequate: Specifically that appellant was not informed that he had a right to court-appointed counsel. We do not agree that the warnings were inadequate. Appellant had been fully apprised of his constitutional rights and had signed written waiver forms on June 4 and 5. On June 9, the date of the third statement, the interrogating officer orally informed appellant of his constitutional rights, "to the best I could".
In State v. Craig, Sup.Ct.Fla. 1970, 237 So.2d 737, the Supreme Court of Florida said:
"In determining whether proper warnings with respect to right to counsel and right to remain silent have been given to a suspect, factors to be considered are whether the suspect understood that he did not have to speak, the consequences of speaking, and that he had a right to counsel before and while doing so if he wished.
"A statement by the accused that he fully understands and waives his rights is not an essential link in the chain of proof. Waiver may be shown by attendant circumstances. United States v. Hayes, 385 F.2d 375 (4th Cir.1967), certiorari denied, 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968)."
Under the circumstances of this case, the oral warnings given by Officer Sweeney to appellant adequately apprised appellant of his constitutional rights, particularly in view of the extensive warnings which were given to him some four days earlier.
A more serious objection to the testimony of Officer Sweeney concerning the third statement relates to the alleged comment on the appellant's right to remain silent. Appellant argues that permitting Officer Sweeney to testify that appellant told him that appellant "didn't want to talk to me anymore" was improper and that his motion for mistrial should have been granted. The landmark case in Florida on the issue of testimony by a witness concerning an accused's right to remain silent is Bennett v. State, Sup.Ct. Fla. 1975, 316 So.2d 41, wherein the Supreme Court ruled that a mistrial should have been granted when a witness called by the State let it be known to the jury that the defendant had refused to sign a waiver of his Miranda rights. We fail to see any significant distinction between the objectionable testimony in the Bennett case and the testimony challenged in the case sub judice. Accordingly, we must order a new trial because such error is "... of constitutional dimension, [and warrants] reversal without regard to the doctrine of harmless error." (Bennett v. State, supra, at page 44)
Reversal is also required because of certain statements made by the prosecutor during closing argument. At one point, the prosecutor described the crime involved (sexual battery), and queried of the female members of the jury, "Think how you ladies would feel if that happened to you." The technique of asking jurors to place themselves in the position of the victim has been held to be improper in both criminal and civil cases. (See Adams v. State, Sup. Ct.Fla. 1966, 192 So.2d 762; Bullock v. Branch, Fla.App. 1st 1961, 130 So.2d 74.) The prosecutor's statement to the jurors, sometimes referred to as the "Golden Rule argument", is improper in that it tends to deprive a defendant of a fair trial by impartial jurors.
Another aspect of the prosecutor's closing argument deserves attention. On four separate *568 occasions, the prosecutor referred to the fact that appellant had four prior convictions on his record. Although prior convictions, properly introduced into evidence, may be considered in weighing credibility, there is a point at which repeated references may be beyond the bounds of propriety. Although it is not necessary for us to here determine whether the prosecutor's remarks were harmful error, we do feel constrained to admonish the prosecutor to temper his zeal.
Reversed and remanded for a new trial.
RAWLS and McCORD, JJ., concur.