334 So.2d 841 (1976)
Mary Alice MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-885.
District Court of Appeal of Florida, Fourth District.
July 16, 1976.
Richard L. Jorandby, Public Defender, and Daniel T. O'Connell, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Margarita Esquiroz, Asst. Atty. Gen., Miami and Ivan Chesler, Legal Intern, South Miami, for appellee.
PER CURIAM.
Defendant appeals a conviction for possession of a concealed weapon assigning as error denial of a motion for a mistrial following the state's eliciting of testimony concerning defendant's remaining silent after being arrested and being given Miranda warnings. The record reflects that during direct examination by the state, the arresting officer testified that after reading the defendant her Miranda rights, she remained silent, i.e. "at that time she didn't make no statement". It is our understanding from a reading of Bennett v. State, 316 So.2d 41 (Fla. 1975), at page 44, that any comment upon defendant's right to remain silent is "of constitutional dimension and warrants reversal without consideration of the doctrine of harmless error." See also Bostic v. State, 332 So.2d 349, Fourth District Court of Appeal, opinion filed May 14, 1976; United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed. *842 2d 99 (1975); Doyle v. Ohio, ___ U.S. ___, 96 S.Ct. 2240, 49 L.Ed.2d 91, 44 LW 4902 opinion filed June 17, 1976. Moreover, Bennett v. State, supra, characterizes such comments as fundamental error. Accordingly, the judgment and sentence of conviction are reversed and the cause remanded for a new trial.
REVERSE AND REMAND.
MAGER, C.J., and WALDEN and ALDERMAN, JJ., concur.