340 So.2d 931 (1976)
Gerald HOLLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1592.
District Court of Appeal of Florida, Fourth District.
November 19, 1976.
Richard L. Jorandby, Public Defender, and James R. Bean, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Linda Collins Hertz, Asst. Atty. Gen., and M. Ann Bradley, Legal Intern, South Miami, for appellee.
ALDERMAN, Judge.
Appellant appeals his convictions for robbery and aggravated assault. The evidence at trial showed that appellant and a companion, wearing masks, entered a motel room and at gunpoint demanded money and valuables from the room's occupants. The victims were tied up and assaulted when *932 the demand for more money was not satisfied. Police officers arrived and apprehended appellant and his companion while they were still in the motel room. At the jury trial, one of the arresting officers testified concerning the arrest of appellant and his companion. When the prosecutor questioned the officer as to the giving of Miranda warnings, he testified as follows:
"Q. (By the prosecutor) What did you do when this subject was brought out?
A. Well, we advised them that they were under arrest. I read both the subjects their rights, and they were searched.
Q. You read both of the subjects their rights?
A. Yes.
Q. Do you recall what rights you read to them?
A. I have the rights card in my pocket.
Q. Did you read it from the card?
A. Yes, I did.
Q. Would you please take out the card and read exactly what you read to both of the subjects that were brought out of the room?
A. Yes, sir. I read them their rights per Miranda, the Constitution of the United States.
`1. You have a right to remain silent and refuse to answer questions. Do you understand?'
They both gave no answer.
`2. Anything you say may be used against you in a court of law. Do you understand?'
They gave no answer.
`3. You have the right to consult an attorney before speaking to the police and to have an attorney present during questioning now or in the future. Do you understand that?'
They gave no answer.
`If you decide to answer questions now without an attorney present you will still have the right to stop answering at any time until you talk to an attorney. Do you understand?'
No answer.
`Knowing and understanding your rights as I explained them to you, are you willing to answer my questions without an attorney present?'"
Appellant's attorney immediately moved for a mistrial on the ground that the witness had commented on appellant's right to remain silent. The trial court denied the motion.
The sole point on appeal is whether the trial court erred in denying appellant's motion for a mistrial. Appellant cites Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967), and Bennett v. State, 316 So.2d 41 (Fla. 1975), in support of his argument that the comments of the arresting officer in regard to appellant's silence during the course of the Miranda warnings constitute clear fundamental error.
The present case is factually distinguishable from Jones v. State, Bennett v. State, and other Florida cases such as Farese v. State, 328 So.2d 548 (Fla. 1st DCA 1976); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976), which have held that any comment on the defendant's right to remain silent is reversible error. Here, the witness commented on appellant's silence during the course of the reading of Miranda warnings. The silence was in response to the question "Do you understand?" which the arresting officer asked the appellant after he read each warning.
In our opinion the trial court properly denied appellant's motion for mistrial. The questions "Do you understand?" after each Miranda warning were appropriate. Such questions related only to appellant's understanding of the Miranda warnings. Testimony concerning appellant's response or lack of response to these questions cannot reasonably be construed as a comment on his right to remain silent. At no point did the officer testify that appellant failed to answer questions or give a statement about the offense for which he had been arrested.
*933 No error having been committed by the trial court, appellant's convictions are affirmed.
CROSS and DOWNEY, JJ., concur.