ON REHEARING
PER CURIAM.
The Petition for Rehearing of the cause filed July 22, 1976, is hereby granted, and the decision of this Court filed on July 9, 1976, is hereby withdrawn and vacated.
Defendant appealed a conviction of robbery in violation of section 813.011, Florida Statutes, assigning as error the trial court’s failure to grant a mistrial after the arresting officer commented on the defendant *1042 standing mute while in custody. The arresting officer testified:
“Q. At any time during the time that you were transporting him, or booking him, did he offer you any explanation as to why he was carrying around that much play money, with a one dollar bill on the outside of it?
“A. No, he didn’t. He didn’t say anything.”
Although no objection was made, the trial court perceptively recognized the gravity of the matter and commendably proceeded to preserve defendant’s constitutional right to remain silent by admonishing the jurors in that respect. However, the arresting officer’s comment on defendant’s exercise of his right to remain silent was fundamental reversible error and of such constitutional proportion that neither objection nor admonition could correct. Bennett v. State, 316 So.2d 41 (Fla.1976); Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967); Shannon v. State, 335 So.2d 5 (Fla.1976); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976).
Accordingly, the judgment and sentence of conviction are reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
MAGER, C. J., CROSS, J., and GALE, JOHN, Associate Judge, concur.