340 So.2d 516 (1976)
Thomas COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1858.
District Court of Appeal of Florida, Fourth District.
December 10, 1976.
Rehearing Denied December 30, 1976.
Richard L. Jorandby, Public Defender, and James R. Bean, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
*517 PER CURIAM.
It is the defendant's contention in this appeal that the following colloquy between the prosecutor and the arresting officer constituted an impermissible comment on the defendant's silence after Miranda warnings:
"BY MR. KERN (the prosecutor):
Q Recite what you told the Defendant when you arrested him.
A Okay. I advised him, `You have a right to remain silent and refuse to answer questions. Do you understand?'
The subject replied, `Yes.'
`Anything you do say will be used against you in a Court of law. Do you understand?'
The subject replied, `Yes.'
Q When you say `the subject,' you are talking about Thomas Collins?
A Yes, sir.
`You have a right to consult an attorney before speaking to the police or have an attorney present during any questioning now or in the future. Do you understand?'
Mr. Collins replied, `Yes.'
`If you cannot afford an attorney, one will be provided for you without cost. Do you understand?'
He replied, `Yes.'
`If you decide to answer any questions now without an attorney present, you still have the right to stop answering at any time until you talk to an attorney. Do you understand?'
He replied, `Yes.'
`Now that I have advised you of your rights, are you willing to answer questions without an attorney present?'
Mr. Collins replied, `No.'
MR. KERN: No questions.
THE COURT: All right." (Emphasis added.)
Although defendant failed to object to the admission of this testimony at trial it is our understanding from a reading of the recent decisions of the Supreme Court of Florida, in Bennett v. State, 316 So.2d 41 (Fla. 1975), and Shannon v. State, 335 So.2d 5 (Fla. 1976), that any comment on defendant's exercise of his right to remain silent constitutes fundamental error, i.e. an error of such constitutional proportion that neither an objection nor admonition could correct. See also Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976).
Accordingly, judgment of conviction and sentence is reversed and the cause remanded for a new trial. Because of the frequency with which this issue has arisen and the apparent likelihood of future appellate review of similar issues and because of what appears to be a divergence of views among the district courts of this state concerning the proposition of whether a comment on an accused's right to remain silent is either harmless error or fundamental error it is our intention to certify as a matter of great public interest the following questions to the Supreme Court of Florida:
1. Are comments on a defendant's exercise of his right to remain silent fundamental reversible error?
2. Is a comment on an accused's unwillingness to answer questions without the presence of an attorney a comment on the witness's right to remain silent?
3. If the State presents testimony that a defendant, at the time of his arrest, declined to answer questions without an attorney being present, but subsequently at the police station the defendant makes a voluntary confession, would the subsequent voluntary confession dissipate any prejudice which might have resulted from earlier testimony relative to his silence, thereby allowing application of the principle of harmless error?
MAGER, C.J., and ALDERMAN, J., concur.
CROSS, J., dissents, without opinion.

QUESTIONS CERTIFIED TO SUPREME COURT
ORDERED that appellee's December 13, 1976 Petition for Rehearing is hereby denied; and further,
*518 ORDERED upon application by the appellee the following questions passed upon in this court's opinion filed December 10, 1976 are certified to the Supreme Court of Florida as questions of great public interest, to wit:
1. IS TESTIMONY ON AN ACCUSED'S FAILURE TO ANSWER QUESTIONS WITHOUT THE PRESENCE OF AN ATTORNEY A COMMENT ON THE WITNESS' RIGHT TO REMAIN SILENT?
2. IS TESTIMONY ON A DEFENDANT'S EXERCISE OF HIS RIGHT TO REMAIN SILENT FUNDAMENTAL REVERSIBLE ERROR?
3. IF THE STATE PRESENTS TESTIMONY THAT A DEFENDANT, AT THE TIME OF HIS ARREST, DECLINED TO ANSWER QUESTIONS WITHOUT AN ATTORNEY PRESENT, BUT SUBSEQUENTLY AT THE POLICE STATION THE DEFENDANT MAKES A VOLUNTARY CONFESSION, WOULD THE SUBSEQUENT VOLUNTARY CONFESSION DISSIPATE ANY PREJUDICE WHICH MIGHT HAVE RESULTED FROM EARLIER TESTIMONY RELATIVE TO HIS SILENCE, THEREBY ALLOWING APPLICATION OF THE PRINCIPLE OF HARMLESS ERROR?