341 So.2d 246 (1976)
Anthony L. MANESS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2049.
District Court of Appeal of Florida, Fourth District.
December 24, 1976.
Rehearing Denied February 2, 1977.
Richard L. Jorandby, Public Defender, and James R. Merola, Asst. Public Defender, West Palm Beach, for appellant.
*247 Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Reversed upon authority of Bennett v. State, 316 So.2d 41 (Fla. 1976); Shannon v. State, 335 So.2d 5 (Fla. 1976); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976).
It seems appropriate here to point out that we are currently reviewing numerous cases in which error results from a situation such as the one involved in the present case. The prosecutor (without the necessity of establishing a predicate for the introduction into evidence of any statement of the defendant) asks the arresting officer whether the defendant made any statement after being warned of his constitutional rights and obtains a negative answer from the officer. Of course, the officer's testimony as to the negative answer invades the Fifth Amendment rights of the defendant. If the state is not seeking to introduce a statement of the defendant into evidence, it is unnecessary to show the defendant was properly warned of his constitutional rights, and the attempt to make such a showing courts reversible error.
REVERSED.
MAGER, C.J., and CROSS and DOWNEY, JJ., concur.