341 So.2d 203 (1977)
Carl SYLVESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1652.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
Richard L. Jorandby, Public Defender, and Paul M. Herman, Asst. Public Defender, and Larry S. Weaver, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks and Marsha Madorsky, Asst. Attys. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
This is another case where the prosecutor (without the necessity of establishing a predicate for the introduction into evidence of any statement of the defendant) asked the arresting officer whether the defendant made any statement after being warned of his constitutional rights and obtained a negative answer from the officer. We must reverse upon the authority of Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967); Bennett v. State, 316 So.2d 41 (Fla. 1975); Farese v. State, 328 So.2d 548 (Fla. 1st DCA 1976); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); Shannon v. State, 335 So.2d 5 (Fla. 1976); Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976); Boyd v. State (Fla. 4th DCA, Case No. 75-624, opinion filed November 26, 1976); Williams v. State, 340 So.2d 1191 (Fla. 4th DCA 1976); Collins v. State, 340 So.2d 516 (Fla. 4th DCA 1976); Spann v. State, 340 So.2d 1215 (Fla. 4th DCA 1976); Maness v. State, 341 So.2d 246 (Fla. 4th DCA 1976).
The State concedes that the testimony in question was an improper reference to the defendant's right to remain silent, but contends that such testimony in this case was not fundamental error. A good argument can be made that the error was harmless. The evidence of guilt of the accused was overwhelming. When the witness made the improper response, the prosecutor did not attempt to continue the dialogue with the witness or otherwise pursue the fact of appellant's exercise of his right to remain silent. No objection to the improper response was raised by appellant at the time of trial and the prosecutor made no further *204 reference to the improper response during the remainder of the trial. If it were constitutionally possible for us to apply the "harmless error" rule to the facts of this case we would do so. The cases cited above seem to hold that we may not; that such error requires reversal without regard to the doctrine of harmless error. However the Second and Third Districts have recently held that in certain circumstances an improper reference to a defendant's exercise of his right to remain silent may be harmless error. Manning v. State, 336 So.2d 408 (Fla. 3d DCA 1976); Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); Mansfield v. State, 338 So.2d 857 (Fla. 3d DCA 1976).
Because of this divergence of views we will, upon proper application of either party, certify as a matter of great public interest the following question to the Supreme Court of Florida:
Where the prosecutor in a criminal case (without the necessity of establishing a predicate for the introduction into evidence of any statement of the defendant) asked the arresting officer whether the defendant made any statement after being warned of his constitutional rights and obtained a negative answer from the officer, and where the evidence of guilt of the accused was overwhelming, and the prosecutor did not attempt to continue the dialogue with the witness or otherwise pursue the fact of appellant's exercise of his right to remain silent, and no objection to the improper response was raised by the accused at the time of trial, and no further reference to the improper response was made during the remainder of the trial, may an appellate court constitutionally apply the doctrine of harmless error?
REVERSED and REMANDED for a new trial.
ANSTEAD and LETTS, JJ., concur.