PER CURIAM.
A police officer at the trial of this criminal case, while testifying for the State, said that when he read the defendant his Miranda rights at the scene, “he (the defendant) didn’t make any statements at that time other than he had just bought it (the stolen automobile) for three hundred dollars and that he didn’t have the registration or anything like that to it.” If it were constitutionally possible we would apply the “harmless error” rule to the facts of this case and affirm. However, we feel compelled to reverse upon the authority of Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967); Bennett v. State, 316 So.2d 41 (Fla.1975); Farese v. State, 328 So.2d 548 (Fla. 1st DCA 1976); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); Shannon v. State, 335 So.2d 5 (Fla.1976); Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976); Boyd v. State, 351 So.2d 1041 (Fla. 4th DCA, opinion filed November 26, 1976); Williams v. State, 340 So.2d 1191 (Fla. 4th DCA, opinion filed December 3, 1976); Collins v. State, 340 So.2d 516 (Fla. 4th DCA, opinion filed December 10, 1976); Spann v. State, 340 So.2d 1215 (Fla. 4th DCA, opinion filed December 17, 1976); Maness v. State, 341 So.2d 246 (Fla. 4th DCA, opinion filed December 24, 1976); Sylvester v. State, 341 So.2d 203 (Fla. 4th DCA, opinion filed February 11, 1977).
REVERSED and REMANDED for a new trial.
DOWNEY and ALDERMAN, JJ., concur.