ANSTEAD, Judge,
dissenting:
I would reverse for a new trial. During cross-examination of a state’s witness, Detective Winger, defense counsel elicited the following testimony:
“Q. And after you advised him that you were not going to ask him any questions, he didn’t say anything, did he?
A. No.”
Shortly thereafter, on redirect examination by the prosecutor, the following took place:
“Q. Did he ever give you any explanation whatsoever as to a shooting?
A. No, sir.”
At this point defense counsel moved for a mistrial on the grounds that this exchange constituted an improper comment on the defendant’s right to remain silent. The trial court denied the motion but, the next morning, gave the jury a lengthy instruction to disregard such testimony. The trial court recognized the error and did his best to correct it by the detailed instruction to the jury.
On appeal the state contends that the error was harmless, in view of the question asked by the defense. I cannot agree. The Florida Supreme Court has ruled that the harmless error doctrine should not be applied to these situations. Bennett v. State, 316 So.2d 41 (Fla.1975). And, even if such doctrine could be applied, I cannot accept the state’s argument that the questions by the defense and the state were the same. Obviously, the implication of the state’s question was that the defendant had an obligation to give an explanation of the incident involved and that he never gave such an explanation. This is reversible error by the state. Farese v. State, 328 So.2d 548 (Fla. 1st DCA 1976).