ALDERMAN, Chief Judge,
dissenting:
In my opinion no error was committed. The officer’s testimony, when considered in context, cannot reasonably be interpreted as a comment on the defendant’s right to remain silent.
The prosecutor by his questioning established that the defendant had been given his Miranda warnings:
Q And at that point in time when he became a suspect, you did advise him of his Miranda warnings?
A Yes, sir. I did.
Q And at that time what did he tell you?
Defense counsel then interjected:
Your Honor, I don’t know what point in time that was. This witness hasn’t yet testified to when he told him this.
The prosecutor established that Miranda warnings were given shortly after the officer arrived at the scene of the crime. He then proceeded:
Q Okay. And when you advised him of his Miranda warnings, did he make any statements to you?
A As I recall, at that time he didn’t. I filled out a sheet later which I asked questions and he answered them at that time.
Certainly a police officer should be able to establish by his testimony when he gave Miranda warnings to a defendant. Likewise, if a defendant makes any statements, the officer should be allowed to testify when the statements were made — -particularly if, as in the present case, it is defense counsel who insists that the officer tell when the defendant’s statements were made. I do not believe that it is a comment on a defendant’s right to remain silent, for an officer to say that the defendant had been given his Miranda warnings at the scene of the crime and that at a later time he made a statement to the officer. If such were the case it would be impossible to say when a defendant made any statements because it could be implied that he said nothing before that time. This is absurd; but the court in effect reaches the same *1207 result in this case by reversing defendant’s conviction based solely upon the testimony quoted above. I fail to see how the officer’s testimony, when considered in the context in which it was given, could be reasonably interpreted as a comment on the defendant’s right to remain silent.
Even if the officer’s testimony is interpreted to have been a comment on the defendant’s right to remain silent, by no stretch of the imagination, in the context of the present case, can I conceive this testimony to have been harmful to the defendant. I recognize that the Supreme Court has said that any comment on an accused’s exercise of his right to remain silent is reversible error, without regard to the harmless error doctrine. Bennett v. State, 316 So.2d 41 (Fla.1975); Shannon v. State, 335 So.2d 5 (Fla.1976). This court has consistently followed Bennett and Shannon, although in two recent cases we have certified questions to the Supreme Court which would allow it to reconsider its position. Collins v. State, 340 So.2d 516 (Fla. 4th DCA 1976); Sylvester v. State, 341 So.2d 203 (Fla. 4th DCA 1977). The State has taken certiorari in Collins and Sylvester, but no final decision has yet been rendered by the Supreme Court. To reverse the present case solely on the basis of the officer’s testimony quoted above, would, in my opinion, allow the defendant a new trial because of something that at the most was harmless and which in no conceivable way affected the rights of the defendant.
I would affirm.