STETTIN, HERBERT, Associate Judge.
Appellant was convicted of third-degree murder. He seeks reversal claiming error in the admission of testimony at trial from a police officer concerning his silence after arrest and Miranda warnings.
*460 Factually, it appears the appellant had been drinking with the decedent at his home. They had a dispute and the appellant shot the decedent. When the police arrived they arrested the appellant, read him his Miranda rights and then proceeded to question him in the house within sight of the decedent’s body.
A police officer was questioned by the State at trial about the conversation with the appellant at the murder scene.
Q Did he (the appellant) ask any questions or make any comments or indication about the body that was lying in the kitchen?
A None whatsoever. At the point prior to fire rescue, prior to the ambulance arriving, Mr. Eck was moved into an area where we could better talk to him and that was again the dining room area, and at no time did he make any reference to the victim lying on the floor.
And again:
A The second peculiarity would be, in my own mind, is when we brought him back into the area where the deceased was still lying. He made no mention, did not view, didn’t ask any questions as to what he was doing there or how he was doing there or anything.
And finally:
Q- Did he make any comment to you at all?
A About being injured?
Q Yes.
A No, not to me.
Q Did he make any comment to you about the incident?
A No.
Bennett v. State, 316 So.2d 41 (Fla.1975) established that it is fundamental reversible error for the State to elicit testimony at trial concerning an accused’s silence during questioning after Miranda warnings had been given. Reversal is required even if, as here, no objection was made to the testimony at trial. Carter v. State, 335 So.2d 875 (Fla. 4th DCA 1976).
The State argues that appellant did answer other questions put to him by the police during this interrogation and that this constituted a waiver of his right to remain silent. A careful reading of this testimony shows that it concerned matters not directly connected with the incident. The argument that a waiver exists because of answers given to unrelated questions is illogical. It would vitiate the effect of Miranda and Bennett protections, something which the courts have steadfastly refused to do in recent years. See Sylvester v. State, 341 So.2d 203 (Fla. 4th DCA 1977); Carter, supra; Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Acee v. State, 330 So.2d 496 (Fla. 4th DCA 1976); Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967) and cases cited therein.
The judgment and sentence are vacated, and the cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
ANSTEAD, J., and DREW, E. HARRIS (Retired), Associate Judge, concur.