DAUKSCH, Judge,
dissenting:
I respectfully dissent. This is a case quite similar to Greenfield v. State, 337 So.2d 1021 (Fla. 2d DCA 1976) both in its facts and the law.
On direct examination in the State’s case in chief the prosecutor elicited from a policeman the testimony that the defendant had been advised of his rights under Miranda [1] and that the defendant maintained his right not to give a statement. After the officer told the jury the defendant exercised his Miranda rights the attorney for the defendant objected and moved for a mistrial. In fact, throughout the questioning of the officer in regard to the Miranda warnings and the defendant’s response, the defendant’s attorney made objections and made a “continuing objection” at a point prior to the officer actually telling the jury the defendant refused to make a statement. The officer telling the jury that the defendant refused to give a statement after a Miranda warning is error. Bennett v. State, 316 So.2d 41 (Fla.1975). It is fundamental error, not requiring an objection. Paulen v. State, 352 So.2d 1205 (Fla. 4th DCA 1977).
However, like in Greenfield, supra, there is a twist to this case. In essence the defendant’s refusal was introduced for the purpose of showing the defendant was “sane” at the time of the commission of the crime because he evidently understood a Miranda warning at the time of his arrest, shortly after the crime occurred. The testimony was introduced in anticipation of an insanity defense because the defendant had given notice of his intention to claim insanity and had pleaded not guilty by reason of insanity.
While I agree with the dissent of Judge Grimes in Greenfield, supra, I also dissent here because of the order of things. Let us assume the refusal of the accused to make a statement is admissible on the issue of insanity, as it was found to be in Collins v. State, 227 So.2d 538 (Fla. 3rd DCA 1969). I see no reason to further compound the problem by allowing its admission before *310 the defendant has made an issue of his insanity by presenting evidence about his insanity. In Collins, supra, the officers’ testimony about the accused’s statements after warning (“I guess I will have to get a lawyer”) were admitted in rebuttal after the defendant had presented evidence about his insanity. Therefore, I say if we can get over the Bennett, supra, hurdle then we must also jump another one in regard to the “postural sequence.”[2] The defendant had not yet presented any evidence of insanity and, at that point, no evidence of his sanity was relevant, ergo, the admission of the testimony was error. It was harmful because it violates Bennett, supra. It was fundamental as we said in Paulen, supra and Sylvester v. State, 341 So.2d 203 (Fla. 4th DCA 1977). It cannot be deemed harmless. Sylvester, supra.
I would reverse and remand for a new trial.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. See footnote 4 in Greenfield, supra which states:
“No issue is made herein about the postural sequence in which the evidence came in. That is, the evidence came in during the state’s case in chief before there was any evidence from the appellant as to his insanity. But no objection was made at the time. So, by objecting to prosecutorial comments thereon during summation, the appellant is in no different position than he would have been in had such evidence been introduced in rebuttal, when it would have been, as we hold here, proper”.