EZELL, BOYCE F., Jr., Associate Judge.
James Alexander Thomas seeks reversal of his conviction which was entered after guilty verdicts to the charges of robbery and unlawful possession of a firearm while engaged in a criminal offense. He was sentenced to 130 years imprisonment for robbery and to a consecutive term of 15 years imprisonment on the unlawful possession charge.
The facts adduced at trial are not in conflict and are not germane to the issues on appeal. The only issue for our consideration involves whether Thomas was deprived of his constitutional rights by the remarks elicited from a state witness by the prosecutor.
At trial, the following colloquy took place in the presence of the jury between the prosecutor and the arresting officer:
“Q. [PROSECUTOR]: Did you, in fact, arrest [Thomas]?
“A. I did.
“Q. At that time did you advise him of any Rights?
“A. Not at the scene. We advised him there was — we had a warrant for his arrest and that he would have to come with us down to the police station.
“After arriving at the police station I showed him a Constitutional Rights Warning Form and I read it to him. I asked him to read it and initial after each right.
“[PROSECUTOR]: Please mark this State’s Exhibit_
“THE CLERK: 1-B for Identification.”
* * * * * *
At this point in the proceedings the defense counsel interrupted and requested a sidebar conference:
“[DEFENSE COUNSEL]: Judge, I have not objected at this time, but I would like to make it at side-bar.
“THE COURT: All right ...” ******
“[PROSECUTOR]: I think his objection is on time. I’ll stop it the minute I introduce it.
“[DEFENSE COUNSEL]: My objection would be this may be a little premature, my objection is that I don’t believe any sort of statement was made in this case. “THE COURT: He just told us there wasn’t, of course.
“[DEFENSE COUNSEL]: I mean to me that would be unfair, an implication of the fact he was given his Rights for some reason and I think it would be prejudicial to him.
“[PROSECUTOR]: It has to be. “[DEFENSE COUNSEL]: I am going to move for a mistrial.
“THE COURT: I have learned to be very cautious. That’s the only reason I looked at it.
“Overruled.
“[DEFENSE COUNSEL]: Okay. Thank you.”
******
Direct examination of the police officer continued as follows:
“Q. [BY PROSECUTOR]: Officer, I hand you what has been marked State’s Exhibit 1-B for Identification, the Constitutional Rights Warning Interrogation Form. Do you recognize that?
“A. Ido.
“Q. And what is that suppose (sic) to be? “A. It’s the advisement of the Constitutional Rights.
“Q. I see a few signatures here. Whose signature is the one I am pointing to now?
“A. The signature of James Andrew Thomas — Alexander Thomas.
“Q. Was this signed in your presence? “A. Yes, it was.
“Q. Is your signature also on that document?
“A. Yes, it is on the lower left hand corner where it says witness.
“Q. And that of another officer, is that correct?
*262 “A. It is.
“[PROSECUTOR]: At this time the State would move State’s Exhibit 1-B into evidence.
“[DEFENSE COUNSEL]: Judge, I just have one question I’d like on voir dire.
“THE COURT: Sure.
“VOIR DIRE EXAMINATION
“[BY DEFENSE COUNSEL]:
“Q. Officer, you stated that that’s James Thomas’ signature?
“A. James Thomas, yes.
“Q. Written on there.
“Now, are you referring to each written question or are you referring_
“A. No. I’m referring to the signature at the bottom, the signature of the subject.
“[DEFENSE COUNSEL]: Okay.
“I have no objections, Your Honor.
“THE COURT: Admitted.
“THE CLERK: 1-B is State’s Exhibit Number Two.
******
“[DEFENSE COUNSEL]: Subject, Judge, to my prior_
“THE COURT: Right.”
******
Shortly thereafter, the prosecutor concluded his examination of the arresting officer without ever introducing into evidence any statement made by the appellant upon interrogation or otherwise.[1] The State rested, as did the defense which presented no evidence in appellant’s behalf. The jury subsequently returned with verdicts of guilty to the charges of robbery and unlawful possession of a firearm while engaged in a criminal offense.
The appellant now contends that the trial court committed reversible error in overruling his objection and denying his motion for mistrial when the prosecutor elicited testimony and introduced evidence which established that he exercised his right to remain silent after arrest. We hold that the arresting police officer’s reply to the prosecutor’s questions did not constitute comment on the appellant’s right to remain silent but related only to appellant’s understanding of the Miranda warnings. We therefore affirm.
Preliminarily, we dispose of the State’s contention that appellant did not properly preserve this issue for appellate review as required by Clark v. State, 363 So.2d 331 (Fla.1978).[2] Our review of the record convinces us that appellant’s attorney properly objected and moved for a mistrial at the sidebar conference. Although he later stated that he had no objection to the admission of the Constitutional Rights Warning Interrogation Form, clearly he intended to preserve this issue for our review when he was cut off by the trial judge.[3] Further, at the conclusion of the State’s case, defense counsel stated for the record that he intended to reserve his previous motions for mistrial. Appellant thus fully complied with the contemporaneous objection requirements of Clark and is entitled to appellate review of the issue.
Turning now to the merits, we cannot agree with the appellant’s contention that his constitutional right to remain silent was violated by the testimony quoted above. The Supreme Court, in Clark v. State, supra, 363 So.2d at 334, recently described the parameters of a defendant’s exercise of his right to remain silent in this context:
*263 Reversible error occurs in a jury trial when a prosecutor improperly comments upon or elicits an improper comment from a witness concerning the defendant’s exercise of his right to remain silent. Likewise, reversible error occurs when any state, defense or court witness in a jury trial spontaneously volunteers testimony concerning the defendant’s exercise of his right to remain silent.
There is nothing in the record to indicate that appellant remained silent in the face of police questioning or that the police confronted him with any incriminating evidence. Nor is there record testimony indicating that the arresting officer confronted appellant with any accusation of guilt to which no response was forthcoming. The officer testified only that he asked Thomas to read the Constitutional Rights Warning Interrogation Form and to place his initials after each right. Thomas complied with this request and did so. This testimony cannot reasonably be construed as a comment on appellant’s right to remain silent. Holland v. State, 340 So.2d 931 (Fla. 4th DCA 1976); Mansfield v. State, 338 So.2d 857 (Fla. 3d DCA 1976). The jury could not reasonably conclude from the arresting officer’s testimony that the appellant “stood mute or claimed his privilege in the face of accusation.” Miranda v. Arizona, 384 U.S. 436, 468, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966).
While we disapprove of the State eliciting testimony indicating that a defendant was properly warned of his constitutional rights when the State does not seek to introduce any statement by that defendant into evidence, we cannot find reversible error in this instance where there was no comment on the silence of the accused. Cf. Shannon v. State, 335 So.2d 5 (Fla.1976); Bennett v. State, 316 So.2d 41 (Fla.1975). We agree, however, that the attempt to make such a showing courts reversible error and may deprive a defendant of his constitutional rights under certain circumstances. Maness v. State, 341 So.2d 246 (Fla. 4th DCA 1976). We admonish the State to carefully consider the effect of its actions on a defendant’s constitutional rights when it elicits testimony of this nature.
We have examined the appellant’s remaining points on appeal and find them to be without merit.
Affirmed.
KEHOE, J., dissents.

.The Constitutional Rights Warning Interrogation Form was introduced into evidence against the appellant as noted in the portion of the record quoted above. In addition to his initials before each paragraph of the form, appellant wrote the word “yes” after the statement: “I am willing to answer any questions asked of me.” The jury was allowed to consider this form in its deliberations.

. Although appellant’s trial was held prior to the release of the Clark opinion, the law as set forth in that decision governs this appeal. Williams v. State, 366 So.2d 817 (Fla.3d DCA 1979) (case 1979).

. “[DEFENSE COUNSEL]: Subject, Judge, to my prior_
“THE COURT: Right.”