ENGLAND, Chief Justice,
dissenting.
By accepting a belated petition for certio-rari in this case, the Court has, I believe, put one more nail in the coffin of our formerly “jurisdictional” thirty-day requirement for instituting discretionary review of final appellate action taken by Florida’s courts in criminal cases.
In Pressley v. Wainwright, 367 So.2d 222 (Fla.1979), this Court accepted an untimely certiorari petition in the face of a directive from the United States Fifth Circuit Court of Appeals that we grant Pressley belated review, give him a new trial, or accept as a consequence of doing neither that he would be released by the federal court from the balance of his state-imposed criminal sentence.[1] The basis for the federal court’s directive was a denial of due process, grounded on the ineffective assistance of counsel.
I dissented from the Pressley decision, expressing the hope that it would at least be limited by our Court to factual circumstances as narrow as those involved in Pressley’s situation — a failure of court-appointed counsel to file a timely request for certiorari review in the Florida Supreme Court after having assured his aggrieved client that a proper request would be made. Regrettably, it now appears that a limited application of Pressley has been rejected both by federal district court judges[2] and by my colleagues.
Willie Mansfield was convicted in the Florida courts of trespass and grand larceny, and both of his convictions were duly affirmed on direct appeal.[3] His court-appointed counsel, the office of the public defender for the Eleventh Judicial Circuit of Florida, then sought discretionary review in the Florida Supreme Court by posting a petition for certiorari in the United States mail two days before the expiration of the thirty-day filing period prescribed by the Florida appellate rules.[4] The petition arrived at the Court too late, and consequently the certiorari request was dismissed as being untimely filed.[5]
Habeas corpus relief was sought in the United States District Court for the Southern District of Florida, and in due course the federal district court judge adopted a federal magistrate’s recommendation to grant the relief requested. He directed that this Court either accept the belated application for certiorari or grant a new trial within 120 days of his order, or else “the Great Writ shall issue.” My colleagues have chosen to grant the belated application; I would not.
I simply do not accept the district court’s conclusion that counsel’s judgmental error in choosing the United States postal service as his agent for the performance of a jurisdictional state filing requirement constitutes ineffective assistance of counsel so as to deny Mansfield due process of law. We cannot control the federal courts’ responses to the pleas of untimely applicants here, but we certainly can, and in my opinion should, preserve the integrity of our established rules and precedents in the absence of a federal or state constitutional right to counsel in third-level, discretionary review cases. See Pressley v. Wainwright, 367 So.2d 222 (Fla.1979) (England, C. J., dissenting).

. Pressley v. Wainwright, 540 F.2d 818 (5th Cir. 1976), cert. denied, 430 U.S. 987, 97 S.Ct. 1688, 52 L.Ed.2d 383 (1977). Pressley’s conviction had been affirmed by a Florida appellate court on direct appeal. Pressley v. State, 261 So.2d 522 (Fla. 3d DCA 1972).

. Apparently, the same federal district court has conferred comparable relief in another case involving facts similar to those presented here. Moore v. Wainwright, No. 77-660 CIV-JLK (S.D.Fla. March 11, 1977).

. Mansfield v. State, 338 So.2d 857 (Fla. 3d DCA 1976).

. Fla.App.R. 4.5(c)(6). This 30-day limitation is now embodied in rule 9.120(b) of the Florida Rules o.f Appellate Procedure.

. Mansfield v. State, 342 So.2d 1102 (Fla.1977). A reinstatement request was summarily denied.