LARRY G. SMITH, Judge,
specially concurring.
In Maness v. State, 341 So.2d 246 (Fla. 4th DCA 1977), the court said that if the state is not seeking to introduce a statement of the defendant into evidence, it is unnecessary to show that the defendant was properly warned of his constitutional rights, “and the attempt to make such a showing courts reversible error.” Id. at 247. As appellant’s brief points out, the prosecution in this case inquired of the arresting officer whether he had advised appellant of his constitutional rights, asked him how he did this, and then requested the officer to give “a brief synopsis” of these constitutional rights. In response, the officer proceeded to read to the jury the entire text of his Miranda[1] warning card. No question was asked and no testimony was given concerning whether appellant did or did not make any statement after being warned of his rights.
Appellant’s contention that reversible error occurred because this testimony improperly called attention to the appellant’s exercise of his right to remain silent appears to have been disposed of adversely to appellant in Thomas v. State, 367 So.2d 260 (Fla. 3rd DCA 1979), cert. den. 378 So.2d 350 (Fla.1979). In Thomas, the prosecution presented the testimony of the arresting officer that the defendant signed a Constitutional Rights Warning Interrogation Form (which the officer stated was an advisement of his constitutional rights), and the warning form was introduced into evidence as an exhibit, but no subsequent statement by the defendant was introduced. I see no basic difference in the facts of this case, except here the officer simply read the rights warning card to the jury, as opposed to having the form introduced as an exhibit for the jury’s consideration. However, I would join the other courts in expressing disapproval of the practice of calling attention to the giving of this warning, without the introduction of a subsequent statement by the defendant, for I cannot see that it properly adds anything to the prosecution’s case and may — particularly in a case where the defendant does not testify or by other evidence attempt to explain his actions— call attention to his exercise of his right to *902 remain silent.[2] Here the potentially harmful effect of this evidence was attenuated by the officer’s testimony that appellant made statements attempting to explain his actions in resisting arrest before the officer gave the Miranda warnings.[3] Furthermore, since appellant did testify in this case, there is less possibility that the jury could have been influenced by appellant’s post-arrest silence, although this would not prevent reversible error from occurring, since one of the reasons for excluding this type of evidence is that it tends to coerce an accused into testifying at his trial. See, McKnight v. United States, 115 F. 972 (6th Cir., Ky.); Jones v. State, 200 So.2d 574 (Fla. 3rd DCA 1967).
In the.final analysis, if the testimony in this case should be deemed to violate federal constitutional law, I would have no difficulty in finding that there is no reasonable possibility that this Miranda warning evidence contributed to appellant’s conviction. See, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). It should be noted, however, that Bennett v. State, 316 So.2d 41 (Fla.1975), holds that any comment on an accused’s exercise of his right to remain silent is reversible error, without regard for the harmless error doctrine. This holding was modified somewhat in Clark v. State, 363 So.2d 331 (Fla.1978), in which the court determined that the error is waived absent timely objection and motion for mistrial.
With the above additional comments, I join in the majority’s affirmance.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The risk of inadvertent comment and needless reversal, as in Harris v. State, 381 So.2d 260 (Fla. 5th DCA 1980), should also be considered.

. The officer testified that upon his initial contact with appellant he stated “police officer” to appellant. During the ensuing struggle (the officer had to forcibly take a pistol away from appellant), appellant hollered “illegal search and seizure.” Shortly after being subdued, and before the officer said anything further to appellant, appellant told him: “I didn’t know you was a police officer.”