NIMMONS, Judge,
specially concurring.
I concur in Judge Thompson’s opinion.
Even without the benefit of the Florida Supreme Court’s recent decision in State v. DiGuilio, 10 FLW 430 (Fla. Aug. 29, 1985), (harmless error where evidence of guilt overwhelming), I would have still favored affirmance. Although not apparent from Judge Thompson’s opinion, the defendant, Brannin, had already given a most incriminating statement and, in addition, had led the investigating officers to the location where he had hidden the shotguns used in committing the subject offenses. It was subsequent to such voluntary self-incriminating statement and acts that Brannin told the Florida Department of Law Enforcement agent that he did not wish to sign the waiver of rights form or to make any statements additional to those he had already made. Bennett v. State, 316 So.2d 41 (Fla.1975) and Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976), relied upon by the appellant, are materially distinguishable.
In Bennett, a police officer testified that the defendant refused to sign a waiver of his Miranda rights. Unlike the instant case, there was no testimony that Bennett had already freely and voluntarily incriminated himself. In Lucas, the defendant, after making brief exculpatory statements to the effect that he had never met or seen *247 the victim, stated that he did not want to talk to the investigating officer anymore. The Supreme Court held that Lucas was entitled to a mistrial after the police officer testified to the above. Again, however, the defendant in Lucas had not, as in our case, already incriminated himself. Indeed, the statement made by Lucas was exculpatory. I do not believe that the Bennett and Lucas line of cases are applicable to the situation with which we are confronted in the instant case. But I also agree with Judge Thompson’s opinion that the evidence against Brannin, independent of that which he claims violated his rights against self-incrimination, was so overwhelming that it is clear beyond a reasonable doubt that the jury would have still returned verdicts of guilty.