OTT, Judge.
Appellant was charged with possession of heroin. In due course he came on for trial by jury, was found guilty, was adjudicated by the court and sentenced to a term of 5 years in the state prison with a general credit for all jail time. We affirm the judgment of conviction but remand for a correction of the sentence to' reflect the specific amount of credit time to which the appellant is entitled pursuant to the requirements of Section 921.161(1), Florida Statutes.
On this appeal we find two points among those raised by the appellant that warrant treatment by this court.
 The first of such points involves the testimony of the arresting officer pursuant to questions by the prosecuting attorney as follows:
Q. All right. So, he was arrested at that time?
A. That’s right.
Q. All right. Did Mr. Roundtree make any statements of any sort to you?
A. Not that I can recall.
MRS. CONDON: I would object to that question and answer by the witness and ask that it be stricken from the record.
THE COURT: Sustained. Strike it from the record. The jury is instructed to disregard it.
MR. SKYE: Okay. I have nothing else of this witness, your Honor.
We find, and so hold, that the above testimony falls within the position and rationale of this court in Clark v. State, 336 So.2d 468 (Fla.2d DCA 1976) which is not changed by the particular limited objection and request by appellant’s trial counsel. There is no requirement for the trial court to treat the objection as including a request for mistrial nor is the nature of the testimony such as to elevate it to fundamental error mandating reversal irrespective of objection.
The failure of the trial court to credit the appellant with the specific period of time served in the county jail before sentence as required by Section 921.161(1), Florida Statutes requires that the case be *34 remanded for appropriate correction in this regard. The appellant need not be present for this purpose.
McNULTY, Acting C. J., and GRIMES, J., concur.