362 So.2d 1347 (1978)
David Laverne ROUNDTREE, Petitioner,
v.
STATE of Florida, Respondent.
No. 52645.
Supreme Court of Florida.
September 21, 1978.
Jack O. Johnson, Public Defender, Tampa, and Wayne Chalu, Asst. Public Defender, Tampa, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry and Richard G. Pippinger, Asst. Attys. Gen., Tampa, for respondent.
ALDERMAN, Justice.
By petition for writ of certiorari, the defendant, David Laverne Roundtree, seeks review of the decision by the District Court of Appeal, Second District, in Roundtree v. State, 350 So.2d 32 (Fla. 2d DCA 1977), which affirms his conviction for possession of heroin. To invoke the jurisdiction of the Supreme Court, the defendant alleges that the decision of the Second District conflicts with Bennett v. State, 316 So.2d 41 (Fla. 1975); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Shannon v. State, 335 So.2d 5 (Fla. 1976), and other cases in which convictions have been reversed because of improper comments on the defendant's exercise of his right to remain silent. We initially accepted jurisdiction and heard argument in this case. However, our recent decision in Clark v. State, ___ So.2d ___ (Fla. 1978), has resolved the apparent conflict.
At Roundtree's trial, the arresting officer, pursuant to questions by the prosecutor, testified as follows:
Q. All right. So, he was arrested at that time?
A. That's right.
Q. All right. Did Mr. Roundtree make any statements of any sort to you?
A. Not that I can recall.
MRS. CONDON: I would object to that question and answer by the witness and ask that it be stricken from the record.
THE COURT: Sustained. Strike it from the record. The jury is instructed to disregard it.
MR. SKYE: Okay. I have nothing else of this witness, your Honor.
The Court of Appeal correctly held that there is no requirement for the trial court to treat the objection in this case as including a request for mistrial, nor is the nature of the testimony such as to elevate it to fundamental error mandating reversal. In *1348 Clark, we said that reversible error occurs in a jury trial when a prosecutor improperly comments upon, or elicits an improper comment from a witness concerning, the defendant's exercise of his right to remain silent. In Roundtree's trial, error occurred when the prosecutor elicited an improper comment. However, as we pointed out in Clark, when there is an improper comment, the defendant has an obligation to object and to request a mistrial.
In the present case, Roundtree objected and asked that the improper comment be stricken from the record. The trial court sustained the objection and granted his request. At the time the error occurred, Roundtree would have been entitled to a mistrial if he had asked for it. Alternatively, he had the right to have the trial proceed. The trial court gave Roundtree exactly what he requested, and he is not now in a position to complain. If he wanted a mistrial when the error occurred, he should have asked for it. By allowing the trial to proceed, he waived his right to raise this issue on appeal.
The apparent conflict having been resolved by our decision in Clark v. State and State v. Bostic, supra, Roundtree's petition for writ of certiorari is denied.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.