235 So.2d 740 (1970)
The STATE of Florida, Appellant,
v.
Charles Frank PROSSER, Appellee.
No. M-138.
District Court of Appeal of Florida, First District.
May 19, 1970.
Rehearing Denied June 15, 1970.
*741 Earl Faircloth, Atty. Gen., and Horace A. Knowlton, III, Asst. Atty. Gen., for appellant.
R.J. Inman, Jr., and Norman J. Abood, Jacksonville, for appellee.

REVISED OPINION.
CARROLL, DONALD K., Judge.
In a criminal prosecution for first degree murder the State of Florida has appealed from an order entered by the Circuit Court for Duval County, granting the motion of the defendant-appellee, Charles Frank Prosser, to suppress as evidence certain written and oral statements made by the said defendant to the police for the reason that those statements were not freely and voluntarily made pursuant to an intelligent waiver of his constitutional rights.
The sole question presented for our determination in this appeal is whether the trial court erred as a matter of law in granting the appellee's said motion, after hearing the evidence, presented in the absence of the jury.
In this appeal the appellant contends that the trial court erred as a matter of law when it suppressed the appellee's statements on the ground that the mandates of the U.S. Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were not properly complied with.
The record before us shows that about 30 to 60 minutes after the defendant was placed in the custody of police officers, the following interrogation took place:
"Q. Do you want a lawyer?
"A. I probably need one; I just want to tell the truth; I want to tell the truth, you know.
"Q. Now, do you want a lawyer?
"A. Well, I probably need one; I'm charged with murder.

"Q. That's correct, you are charged with murder. Now, do you want a lawyer? If you want a lawyer one will be appointed for you before you answer any questions tonight.
"A. I would like to have somebody here in my defense, some kind of way.

"Q. Would you like to have a lawyer? Do you have the money to hire a lawyer?
"A. No sir.
"Q. Would you like for me to call the Public Defender, the Court will appoint the Public Defender, a lawyer who will come down here and represent you and advise you and counsel with you. Is that your desire, Charles? In other words, it won't cost you anything.
"A. Well, I will just go on and tell the truth.
"Q. Charles, now, you say you want to tell the truth, do you mean you want to tell the truth without a lawyer, not talk to a lawyer first is that what you mean?
"A. Well, I tell you tonight what happened and everything, and if I can get a lawyer later on." (Emphasis supplied.)
The emphasized words in the above quotation constitute the language which the appellee *742 particularly relies on in support of the trial court's holding.
In the landmark Miranda case, supra, the appellee contends in his brief, the U.S. Supreme Court laid down the following guidelines which the prosecution must follow in order to obtain a valid waiver of a defendant's constitutional right to remain silent:
"When a person is taken into custody or otherwise deprived of his freedom by the police, he must be given the following warnings in clear and unequivocal terms prior to any questioning by the police: (1) that he has a right to remain silent, (2) that anything he says can be used against him in a court of law, (3) that he has the right to consult with an attorney and to have the attorney present with him during the interrogation and, (4) that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires.
"Once these warnings have been given and the defendant indicates in any manner that he wishes to remain silent or that he wishes to consult with an attorney, the interrogation must cease. If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the state to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. A valid waiver of rights will not be presumed simply from the silence of the defendant after the warnings are given or from the fact that a statement was made after the warnings. * * *."
The foregoing two paragraphs were quoted by the appellee from "Florida Defense of Criminal Actions," published by The Florida Bar in 1967 in its Continuing Legal Education program, pages 5.38 and 5.39. Those two paragraphs, in our opinion, well and fairly reflect the decision of the U.S. Supreme Court in Miranda.
It has long been the accepted practice in Florida for the trial court, as the trier of the fact of voluntariness, and in the absence of the jury, to determine the question of the voluntariness of a confession before evidence of the confession may be presented to the jury. See our discussion of this rule in Brown v. State, 181 So.2d 578 (Fla.App. 1966), certiorari denied in 188 So.2d 811 (Fla. 1968), and certiorari denied in 386 U.S. 917, 87 S.Ct. 875, 17 L.Ed.2d 789 (1967).
Under the doctrine laid down in the Miranda case, as quoted above, the interrogation must cease if, after the warnings have been given, the defendant "indicates in any manner that he wishes to remain silent or that he wishes to consult with an attorney." The ultimate question before us, then, is whether the trial court, as the trier of the fact of voluntariness, could have reasonably concluded from the above-quoted testimony that the appellee "indicates in any manner that he wishes to remain silent or that he wishes to consult with an attorney." The trial court found, in effect, that the appellee so indicated, and, while the testimony was not so clear and unequivocal as it might have been, we think that the testimony is reasonably susceptible of such a finding by the trial court. This appellate court lacks the authority to substitute its judgment for that of the trier of the facts when the evidence reasonably supports such trier's findings of fact.
For the foregoing reasons the order appealed from herein must be and it is
Affirmed.
JOHNSON, C.J., and RAWLS, J., concur.