305 So.2d 235 (1974)
Mark WEBBER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-182.
District Court of Appeal of Florida, Second District.
December 18, 1974.
Rehearing Denied January 14, 1975.
*236 Robert W. Knight, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
Webber appeals from a judgment of guilt and a 15-year sentence, which followed a jury verdict against him, for conspiracy to commit the felony of kidnapping. Although we are convinced that the evidence is  albeit only barely so  sufficient to sustain the verdict, we reverse for a new trial because of two plainly harmful evidentiary errors committed below.
Webber was charged with and convicted of conspiracy to effect the kidnapping for ransom of the son of the owner of Felton's supermarket in Plant City on September 14, 1973, a crime which was actually perpetrated on that date by three other men, Gill, Fleming and Anglin. On the representation by the prosecutor that the matter would be "connected up," the trial judge permitted the introduction of extensive testimony, including that of the victims involved, of another similar crime committed by Gill, Fleming, and Anglin in Brandon, Florida, on the next day, September 15. The matter was never "connected up" to the defendant. In fact, it clearly and undisputedly appeared that Webber had nothing whatever to do with it. The Brandon kidnapping-extortion was conceived, planned and executed solely by the three active participants in the Plant City crime, only after the crime in the instant case had taken place (and had failed to reap the expected financial rewards.) It had not been discussed with Webber and was plainly not a part of the Plant City conspiracy in which he arguably was involved and of which he was alone charged. The Brandon crime was thus simply irrelevant to the charges against the defendant. The trial court therefore erred in permitting, and in failing to strike, the evidence before the jury which related to it.
In addition, an F.B.I. agent, Krout, was permitted to testify concerning statements made to him by the defendant while in his custody for an alleged Hobbs Act violation. Upon Krout's giving him the Miranda warnings, Webber specifically declined to waive his rights and elected to remain silent. The record clearly demonstrates that Krout nevertheless continued to question him and even indicated that it would go easier with Webber if he cooperated; and that statements received into evidence followed these questions and *237 that promise. It was plainly improper for the questioning to proceed after Webber's statement that it was not desired, and plainly erroneous to admit the statements which were the result of that interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, at 1612, 16 L.Ed.2d 694.
Reversed and remanded.
McNULTY, C.J., and BOARDMAN, J., concur.