342 So.2d 497 (1977)
Johnny Paul WITT, Appellant,
v.
STATE of Florida, Appellee.
No. 45796.
Supreme Court of Florida.
February 3, 1977.
*498 Peter P. Behuniak, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky and Stephen W. Metz, Asst. Attys. Gen., for appellee.
PER CURIAM.
This is a direct appeal from a conviction for murder in the first degree and imposition of the death sentence. We have jurisdiction.[1]
Appellant contends his conviction was erroneous (1) because of improper exclusion of prospective jurors, (2) admission of his confession, and (3) an assertion that our rule on competency is outdated. He further contends the imposition of the death *499 penalty was improper under the facts of this case. We affirm the judgment of conviction and the imposition of the death sentence.
On October 20, 1973, the victim of this crime, an eleven-year-old boy, was reported missing by his parents. The circumstances leading up to the boy's death reflect that appellant Johnny Paul Witt and Gary L. Tillman lay in waiting near a road which formed a route between a housing area and nearby convenience store. Witt confessed that Tillman attacked the boy as he came by, striking him on the head with a star bit. With the boy struggling against them, Witt and Tillman wrestled him to the ground and bound and gagged him. They then placed him into their car trunk and drove to a secluded area. On arrival they discovered the boy was dead. They both apparently committed sexual acts upon his body, and appellant mutilated the boy's body with a knife and left it buried in a shallow grave. An autopsy revealed the boy was strangled to death by the gag. Eight days later the wife of appellant contacted the sheriff's department, informing it that her husband and another man had killed the boy. Appellant Witt was arrested, and two days later confessed to participation with Tillman in the boy's murder.
Appellant Witt was tried by a jury and was convicted of first degree murder. The jury recommended the death sentence, and the trial judge, who later sentenced his codefendant to life imprisonment in return for the codefendant's tender of a plea of guilty, followed the recommendation and imposed the death sentence.
Appellant Witt contends it was error to exclude for cause prospective jurors who held objections to capital punishment. During voir dire the trial court excluded six prospective jurors who stated they could not return an advisory sentence of death upon the weighing of extenuating and mitigating factors of the crime as required by Section 921.141(2), Florida Statutes, or stated they could not judge the guilt or innocence of the accused without the possible imposition of the death penalty interfering with that determination. It is proper to exclude prospective jurors who "state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt... . [or] who say that they could never vote to impose the death penalty or that they would refuse even to consider its imposition in the case before them." Witherspoon v. Illinois, 391 U.S. 510, 513-14, 88 S.Ct. 1770, 1772, 20 L.Ed.2d 776 (1968) (footnote omitted). The statements of the jurors in the instant case constitutionally warranted their exclusion. See, e.g., Portee v. State, 253 So.2d 866 (Fla. 1971).
Appellant next asserts his confession, which was made subsequent to his request for counsel, should have been suppressed for failure of the State to provide proper representation. We disagree. The confession was not coerced, and the appellant voluntarily executed written waiver of counsel prior to making the subject confession.
The record reflects appellant was fully advised of his rights and requested counsel following his arrest on November 5, 1973. Questioning stopped and the sheriff's department communicated his request to the public defender's office. On November 6, 1973, appellant made his first appearance before a judicial officer with counsel. He contends, however, that he had no opportunity to consult such counsel at the appearance. On November 7, 1973, at 9:30 a.m., he indicated a desire to confess while conversing with a detective in appellant's cell. The conversation was casual, with just one detective, and of no more than a few minutes' duration. Appellant then was taken out of the cell and upstairs to the sheriff's offices where he confessed orally and in a hand-written, thirteen-page account of the crime. Later in the day he drew a map to indicate the location of the corpse. It is uncontroverted that prior to this confession he was fully advised of his constitutional rights, specifically rejected an offer to consult counsel, and signed a written waiver thereof.
*500 The sole issue is the voluntariness of the confession. The requirements of Miranda are prescribed to ensure voluntariness. The facts in this case are not in dispute as it concerns the written and oral confessions and how they were obtained.
We agree that right to counsel is among the most important criminal due process rights but that does not mean it cannot be voluntarily waived. In Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), the accused had exercised his right to remain silent during station-house interrogation with respect to the charge of robbery for which he had been arrested. Two hours later he waived his right to remain silent and his right to consult counsel after renewed Miranda warnings when questioned by a different officer on a separate and unrelated murder charge. During the later questioning he implicated himself in the murder, and his incriminating statement was entered into evidence at the trial in which he was convicted. He objected to use of the statement, contending his initial assertion of his right to silence barred its use. The United States Supreme Court held he had voluntarily waived his right to remain silent.
We recognize the majority opinion in Mosley indicates that Miranda places a strict limitation on police interrogation when the right to remain silent and request for counsel is exercised. In the instant case we feel, as did the majority in Mosley, the circumstances indicate appellant's "`right to cut off questioning' was `scrupulously honored.'"[2] The law does accord him the opportunity to voluntarily change his mind and confess. Michigan v. Mosley, supra, 423 U.S. 107-111, 96 S.Ct. 321, 326 (concurring opinion).
We hold the heavy burden of demonstrating that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel, and then voluntarily confessed, was met under the circumstances in this case. No contention has been made of coercive or overbearing State conduct.
Appellant lastly argues the application of our test for competency to his case is outdated, and a test should be established more in tune to modern psychiatry. The evidence presented in this cause reflects the appellant was properly found competent at the time of the offense. We reject the "irresistible impulse" doctrine asserted by the appellant. See Anderson v. State, 276 So.2d 17 (Fla. 1973); Van Eaton v. State, 205 So.2d 298 (Fla. 1967); Piccott v. State, 116 So.2d 626 (Fla. 1959).
Our final and most difficult responsibility is to review the imposition of the death penalty and determine if it may be properly imposed in this case. Subsequent to appellant Witt being sentenced to death in February, 1974, the codefendant Gary Tillman on May 6, 1974, entered and had accepted by the same trial court, in a separate trial, a plea of guilty conditioned upon life imprisonment. The plea agreement was presented by the public defender and the state's attorney, and agreed to by defendant Tillman after extensive inquiry by the trial judge. The case was appealed to the Second District Court of Appeal on other grounds and affirmed per curiam. Tillman v. State, 304 So.2d 161 (Fla.2d DCA 1974).
Under these circumstances we cannot judicially ignore the discretionary inconsistency in the life sentence given appellant's codefendant Tillman in his severed proceeding. The trial judge agreed to sentence Tillman to life imprisonment in exchange for Tillman's plea of guilty following a determination of competency to stand trial, yet the facts in this case on their face appear to justify the imposition of the death sentence for both the appellant and the codefendant.
After carefully reviewing the records of the two proceedings, we hold the facts and circumstances support the imposition of the death penalty on the appellant Witt and a life sentence for Tillman. Testimony of *501 five psychiatrists who examined Tillman indicated Tillman had a severe mental or emotional disturbance and was subject to domination by Witt. Witt's dominance was enhanced by his age of thirty years, compared to Tillman's age of eighteen. These factors correspond to the provisions of Section 921.141(6)(b) and (e), Florida Statutes (1975), and constitute sufficient mitigation with respect to Tillman's participation to justify a life sentence for Tillman and a death sentence for Witt for this otherwise aggravated murder.
Appellant's conviction and sentence are affirmed.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, ROBERTS (Retired), and DREW (Retired), JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] Id. at 104, 96 S.Ct. at 326.