**Luis A. PINEDA, Petitioner-Appellant,**

v.

**STATE OF FLORIDA,**
**Respondent-Appellee.**

No. 76–3697.

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1977.

Howard J. Hochman, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Sidney M. Pertnoy, Asst. Atty. Gen., Tallahassee, Fla., Anthony Musto, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before BROWN, Chief Judge, RONEY and FAY, Circuit Judges.

PER CURIAM:

The issue before the Court is whether an unanswered question by the state prosecu-

tor, asking defendant on cross-examination if he had told at the preliminary hearing the same story he was telling at trial, was a comment on defendant's silence in violation of his rights under the Fifth and Fourteenth Amendments. Under the facts of this case, we hold that the prosecutor's question did not amount to a comment on defendant's silence. We affirm the denial of a writ of habeas corpus.

Defendant Pineda was convicted by a jury for possession with intent to sell or deliver cocaine, in violation of Florida Stat. Ann. § 893.13(1)(a) (West). After his conviction was affirmed on appeal, *Pineda v. State*, 332 So.2d 677 (Fla.3d Dist.Ct.App. 1976), defendant brought this federal habeas corpus petition.[1]

At defendant's state trial, the evidence showed that a police officer spotted someone in a parking lot walking in a surreptitious manner. The suspect ran into an apartment building when ordered to halt, dropping a jacket containing cocaine. While recovering the jacket, the officer lost sight of the suspect. Within a few minutes, he spotted defendant leaving the building and arrested him. The officer testified that he had no doubt that defendant was the person who had dropped the jacket.

The defendant took the stand and testified that he was not the person the officer had chased and that the jacket was not his. On cross-examination, the prosecutor asked defendant whether he had told that story at the preliminary hearing. Before defendant could answer, the question was objected to. The judge sustained the objection. Since the determination of this case hinges on those questions, we set out that line of cross-examination in full:

"Q. [by the prosecutor, Mr. Adorno] Sir, do you remember appearing at the preliminary hearing on March 26, 1975?

A. Right here.

Q. On this floor?

A. Yes.

Q. Were you represented by counsel at that time?

A. The first time the attorney was not present.

Q. The time they had the hearing were you represented by an attorney?

A. Yes.

Q. Did you tell anybody this story that you told the jury today at that time?

MR. ESTRUMSA [defense counsel]: Objection. It is a highly improper question.

THE COURT: Sustained.

MR. ESTRUMSA: I move for a mistrial, your Honor, in that the question . . .

THE COURT: I will reserve ruling on it.

Q. (by Mr. Adorno) You never told the story to anybody except today?

MR. ESTRUMSA: I repeat the objection.

THE COURT: Sustain the objection.

MR. ADORNO: No further questions."

The prosecutor admitted to the judge, out of the presence of the jury, that his intent was to call the jury's attention to the fact that defendant was telling his story for the first time at trial. But his intent is irrelevant for his design was frustrated: the fact that defendant did not testify at the preliminary hearing was never elicited.

We are not dealing with a *comment* by the prosecutor. Rather we have a *question* by the prosecutor, to which an objection was made and sustained, and which was never answered by the defendant. The question, by its very nature, left open the answer. It could have been answered either "yes" or "no." The question alone was

---

1. Defendant's petition for habeas corpus before the district court also alleged that certain evidence admitted at trial had been obtained in violation of defendant's rights under the Fourth Amendment. Defendant does not raise that issue before this Court, recognizing that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), precludes our consideration of such claims.

not so suggestive as to amount to a comment on defendant's silence. *See United States v. Helina*, 549 F.2d 713, 718 (9th Cir. 1977).

This decision precludes consideration of whether the *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), prohibition against cross-examination of a testifying defendant on his silence after receiving *Miranda* warnings at the time of his arrest should be extended to silence at a preliminary hearing.

AFFIRMED.