364 So.2d 495 (1978)
Dora Mae BREEDLOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1665.
District Court of Appeal of Florida, Fourth District.
October 25, 1978.
Rehearing Denied December 13, 1978.
*496 Richard L. Jorandby, Public Defender, and Frank B. Kessler, Larry S. Weaver and Joseph R. Atterbury, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
HASTINGS, ALCEE L., Associate Judge.
The appellant was charged with second degree murder, tried by jury and found guilty of the lesser included offense of assault and battery. This appeal comes from an order in the Circuit Court, Orange County, denying a motion to suppress statements made by appellant to the police.
The sole question on appeal is whether the trial court erred in denying the motion to suppress statements made by the appellant at the time of her arrest. It appears from the record that although the appellant was not taken into custody, her Miranda[1] rights were read four times in approximately an hour and she would have been detained if she started to leave. Testimony of deputies discloses that although perhaps not a direct physical restraint, such action falls within the prohibition of the Miranda rule. According to the court in United States v. Montos, 421 F.2d 215 (5th Cir.1970): "Custodial interrogation [within the meaning of the Miranda decision] means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (at 222).
We are compelled to reject the State's contention that the statement given at the appellant's home was admissible because it was not the product of custodial interrogation or a result of coercion. It is settled that continued readings of Miranda rights to the accused may constitute undue harassment. In State v. Prosser, 235 So.2d 740 (Fla. 1st DCA 1970), the court affirmed the granting of a motion to suppress statements made to the police when evidence showed defendant wished to remain silent or consult with an attorney. Quoting Miranda with approval the court stated: "interrogation must cease if, after warnings have been given, the defendant `indicates in any manner that he wishes to remain silent or that he wishes to consult with an attorney'" (at 742). In the instant case, appellant repeatedly asserted her right not to make a statement without the presence of *497 an attorney. The court, in Rivera Nunez v. State, 227 So.2d 324 (Fla. 4th DCA 1969), observed "any showing of coercion or compulsion on the part of those having the accused in custody or any showing that the accused did not knowingly and intelligently waive such rights would have the effect of tainting the statements subsequently obtained" (at 325).
In Jones v. State, 346 So.2d 639 (Fla. 2d DCA 1977), statements obtained from a defendant after indicating a wish to remain silent were deemed inadmissible even though not a product of direct interrogation. The record indicates that after the appellant refused to make a statement for the third time, an officer continued to interrogate her. Our appellate courts have repeatedly condemned such practice. In Nunez, supra, quoting State v. Bishop, 272 N.C. 283, 158 S.E.2d 511 (1968), "the vice sought to be removed is the evil of continued, incessant harassment by interrogation which results in breaking the will of the suspect, thereby making his statement involuntary."
The record shows that the emotional state of the accused was such as to effectively preclude a knowing and voluntary waiver of her Fifth Amendment rights. At trial an officer testified the appellant "... was crying and very upset." Another officer arriving approximately one hour later, testified: "she was very hysterical ... she was crying and we had to calm her down." In the case at bar, the appellant's emotional confusion raises serious doubts as to whether her statements were knowingly and intelligently made. In Singleton v. State, 344 So.2d 911 (Fla. 3d DCA 1977), the court reversed a conviction when the record showed the accused was confused and indecisive at the time she made inculpatory statements. Clearly, the State failed to meet the heavy burden imposed on it under Miranda. It is for this reason we must reverse the decision below.
REVERSED AND REMANDED.
LETTS and BERANEK, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).