ORFINGER, Judge.
Appellant, charged with the crime of robbery with a firearm, was convicted after a jury trial. When he testified in his own defense that someone else had left the stolen articles in his car, a man he had met that evening, the prosecutor asked him:
Q: Did you tell the police officers that when they stopped you and told you about the robbery?
A: No. I didn’t say nothing.
Appellant’s objection and motion for mistrial were denied.
The question concerning appellant’s silence when detained by the police was constitutionally prohibited, and constitutes reversible error without regard to its prejudicial effect. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L. R.3d 974 (1966); Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Shannon v. State, 335 So.2d 5 (Fla.1976); Bennett v. State, 316 So.2d 41 (Fla.1975); Weiss v. State, 341 So.2d 528 (Fla. 3d DCA 1977).
The objection was proper and the motion for mistrial should have been granted. Clark v. State, 363 So.2d 331 (Fla.1978); Harris v. State, 381 So.2d 260 (Fla. 5th DCA 1980). Appellant’s conviction is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.