SCHWARTZ, Judge.
After he was arrested and later properly given his Miranda warnings, Warren at first denied any knowledge of the crimes of which he was convicted below. However, upon further questioning by the investigating officer and the presentation of a piece of incriminating evidence — his wallet found at the scene of the offense— he made an oral and then a written confession. On this appeal, it is contended only that the interrogation should have ceased as soon as the defendant denied involvement and that the subsequently obtained confessions should therefore have been suppressed. We do not agree.
The defendant did not in any way indicate that he wished to remain silent, to consult with an attorney, or to end the conversation with the officer once it had begun. Compare, e. g., Breedlove v. State, 364 So.2d 495 (Fla. 4th DCA 1978); Jones v. State, 346 So.2d 639 (Fla. 2d DCA 1977); Webber v. State, 305 So.2d 235 (Fla. 2d DCA 1974); State v. Prosser, 235 So.2d 740, 742 (Fla. 1st DCA 1970), cert. dismissed, 243 So.2d 419 (Fla.1971). And we concur with the statement in United States v. Jones, 486 F.2d 599, 600 (5th Cir. 1973) that “[djenials of a crime by one well aware of his right to remain silent cannot, without more, be taken as an unspoken election to exercise the right to remain silent.” Accord, Brooks v. State, 229 A.2d 833 (Del.1967); State v. Burley, 523 S.W.2d 575 (Mo.App.1975). Since there is ample evidence to sustain the trial court’s finding that the confessions were otherwise freely and voluntarily made, Ashley v. State, 265 So.2d 685 (Fla. 1972); Finley v. State, 378 So.2d 842 (Fla. 1st DCA 1979), the judgment under review is
Affirmed.