ORFINGER, Judge.
Appellant, convicted by a jury of grand theft, contends that the trial court erred in overruling his objection to certain testimony and denying his motion for mistrial. We agree and reverse.
A police officer testified for the State that he interviewed appellant shortly after his arrest, and he was asked:
Q: Did you read him his rights?
A: Yes, sir.
Q: Did he talk to you at all?
A: Oh yes, yes.
Q: Did he make any statements to you?
A: No, sir. Nothing as far as admissions.
Appellant objected and moved for mistrial on the grounds that this was an impermissible comment on his right to remain silent.
Any testimony concerning appellant’s silence when detained by the police is constitutionally prohibited, and constitutes reversible error without regard to its prejudicial effect. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L. R.3d 974 (1966). The objection was proper and the motion for mistrial should have been granted. Clark v. State, 363 So.2d 331 (Fla.1978); Washington v. State, 388 So.2d 1042 (Fla. 5th DCA 1980); Harris v. State, 381 So.2d 260 (Fla. 5th DCA 1980).
The State contends that the context of this testimony indicates that appellant did make certain statements, although not concerning admissions, so the officer’s testimony is not improper. The fact that appellant might have talked to the officer about some irrelevant matter such as the weather[1] does not bootstrap the impermissible testimony to the level of propriety. In the context of the testimony here, the comment could serve no purpose other than to highlight the defendant’s silence about the crime for which he was charged.[2]
The judgment of conviction is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

. The State made no attempt to introduce evidence of the conversation, so the record does not reflect what was said. We must therefore conclude that it was an irrelevant conversation since the burden of proof is on the State. We must also assume that the prosecutor knows in advance what the answer to this question will be; when it is thus answered in the negative and nothing else follows, it seems unlikely that it was asked for any purpose other than to highlight appellant’s silence.

. Similar comments are characterized as improper in: Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); Pinkney v. State, 351 So.2d 1047 (Fla. 4th DCA 1977); Eck v. State, 354 So.2d 459 (Fla. 4th DCA 1978); Knight v. State, 374 So.2d 1065 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 642 (1980).