396 So.2d 241 (1981)
Willie MONROE, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2174.
District Court of Appeal of Florida, Third District.
April 3, 1981.
*242 Bennett H. Brummer, Public Defender, Peter Raben, Asst. Public Defender, and William Liston, Legal Intern, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals his adjudication and sentence for: (1) robbery with a firearm contrary to Section 812.13, Florida Statutes (1977) (Count I); and (2) display of a firearm in the commission of a felony in violation of Section 790.07, Florida Statutes (1977) (Count II).
In a two-pronged attack, the defendant claims that he is entitled to a new trial. The defendant's primary attack is that the state has deprived him of his Fifth and Fourteenth Amendment guaranties under the United States Constitution in its attempt to impeach his alibi defense on cross-examination in that the attempt constituted an impermissible comment upon his right to post-arrest silence. The defendant's second ground, which he advances in the alternative, is that the double jeopardy clause of the Fifth Amendment to the United States Constitution and Section 9 of the Declaration of Rights of the Florida Constitution forbid conviction on both Counts I and II in that Count II is a lesser included offense of Count I and thus imposition of separate sentences on both counts is forbidden by Section 775.021(4), Florida Statutes (1977).
The defendant was charged with robbery of a service station on June 23, 1978. At trial, he relied on the affirmative defense of alibi. His alibi was that he was at an entirely different location in the company of friends. After having testified on his own behalf, the following exchange occurred *243 between the defendant and the assistant state attorney on cross-examination:
PROSECUTOR: They did not tell you the address of the place you were charged with robbing?
DEFENDANT: No, they said I robbed a filling station on June 23rd dressed up like a woman with a wig and dress on.
PROSECUTOR: What did you tell them when they said that?
DEFENDANT: I said, "Man, you got to be kidding."
... .
PROSECUTOR: Where were you arrested?
DEFENDANT: Right there by the restaurant on a Friday. [situs of the alibi]
PROSECUTOR: Did the police tell you what date you were alleged to have committed this robbery?
DEFENDANT: Sgt. Baskin told me it was a while back. When they brought me downtown, Paul Richardson told me it was June 23.
PROSECUTOR: Did he tell you what day of the week that was?
DEFENDANT: It was on a Friday.
PROSECUTOR: Did you tell him you could not do that because you were helping out with your aunt? [the alibi]
DEFENSE COUNSEL: Objection, Your Honor.
THE COURT: Sustained.
DEFENSE COUNSEL: We would like to make a motion at side-bar.
THE COURT: You can do it later, Counsel.
It is this exchange to which the defendant points his first prong. Relying upon Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and Willinsky v. State, 360 So.2d 760 (Fla. 1978), the defendant contends his Fifth Amendment guaranty against self-incrimination was violated by the above high-lighted question in that the question was a comment upon his post-arrest silence. There is no doubt that any comment by the prosecution upon the accused's exercise of his right to remain silent in a jury trial, when properly preserved, is reversible error without regard to the harmless error rule. Clark v. State, 363 So.2d 331 (Fla. 1978); Barnes v. State, 375 So.2d 40 (Fla.3d DCA 1979).
The defendant urges that the only answer he could have made to the offending question was "no" and that therefore the impermissible inference, that the defendant did not talk, was set loose in the courtroom. Had the question been answered, or the comment improper, we would unhesitatingly agree with defendant. However, in all of the cases examined including the recent decision of Washington v. State, 388 So.2d 1042 (Fla. 5th DCA 1980) the comment was actually made and the offending question was answered. The state aptly points to Pineda v. Florida, 564 F.2d 1163 (5th Cir.1977), cert. denied, 436 U.S. 909, 98 S.Ct. 2245, 56 L.Ed.2d 409 (1978) where an analogous problem occurred. In Pineda, the defendant claimed constitutional error from questions propounded but also unanswered to which there were sustained objections. We quote extensively from Pineda because there the attempt by the prosecutor to contaminate the defendant in front of the jury was not only admitted but a followup attempt to exploit it occurred as follows:
On cross-examination, the prosecutor asked defendant whether he had told that story at the preliminary hearing. Before defendant could answer, the question was objected to. The judge sustained the objection. Since the determination of this case hinges on those questions, we set out that line of cross-examination in full:
[PROSECUTOR]: ... Sir, do you remember appearing at the preliminary hearing on March 26, 1975?
[DEFENDANT]: Right here.
[PROSECUTOR]: On this floor?
[DEFENDANT]: Yes.
[PROSECUTOR]: Were you represented by counsel at that time?
[DEFENDANT]: The first time the attorney was not present.
[PROSECUTOR]: The time they had the hearing were you represented by an attorney?

*244 [DEFENDANT]: Yes.
[PROSECUTOR]: Did you tell anybody this story that you told the jury today at that time?
[DEFENSE COUNSEL]: Objection. It is a highly improper question.
THE COURT: Sustained.
[DEFENSE COUNSEL]: I move for a mistrial, your Honor, in that the question ...
THE COURT: I will reserve ruling on it.
[PROSECUTOR]: You never told the story to anybody except today?
[the attempted exploitation]
[DEFENSE COUNSEL]: I repeat the objection.
THE COURT: Sustain the objection.
[PROSECUTOR]: No further questions.
The prosecutor admitted to the judge, out of the presence of the jury, that his intent was to call the jury's attention to the fact that defendant was telling his story for the first time at trial. But his intent is irrelevant for his design was frustrated: the fact that defendant did not testify at the preliminary hearing was never elicited.
We are not dealing with a comment by the prosecutor. Rather we have a question by the prosecutor, to which an objection was made and sustained, and which was never answered by the defendant. The question, by its very nature, left open the answer. It could have been answered either "yes" or "no." The question alone was not so suggestive as to amount to a comment on defendant's silence. See, United States v. Helina, 549 F.2d 713, 718 (9th Cir.1977).
564 F.2d at 1164-1165. Accord, United States v. Serrano, 607 F.2d 1145, 1151 (5th Cir.1979).
In this case, we do not commend the prosecutor's question of the defendant but, like Pineda v. Florida, supra, the design was frustrated. And, as in Pineda, in spite of the defendant's conclusions to the contrary, we find that the offending question was not so suggestive as to amount to a comment on the defendant's silence. The reasonable and natural inferences flowing from the question would not suggest to the jury anything about the defendant's silence or lack thereof. The only possible connective would be to the defendant's previous testimony on direct examination for which we cannot fault the state.
The state argues, in the alternative, that because of the defendant's testimony there was a strong inference that he had told police his alibi and it was therefore proper for the state to inquire into it because the defendant had opened the door. See, United States v. Fairchild, 505 F.2d 1378 (5th Cir.1975). We need not and do not address the state's counter position in that the first prong of the defendant's attack misses its mark.
The second prong of defendant's appeal has merit. Since the underlying offense of display of a firearm in the commission of a felony is an essential element in the offense of robbery with a firearm, the defendant cannot be convicted and sentenced for both. Mahaun v. State, 377 So.2d 1158 (Fla. 1979); State v. Pinder, 375 So.2d 836 (Fla. 1979); Hegstrom v. State, 388 So.2d 1308 (Fla.3d DCA 1980), review granted, (Fla. 1981) (Case no. 59,893). Consequently, the defendant's conviction and sentence on Count II, display of a firearm in the commission of a felony, are reversed and vacated. In all other respects, the defendant's conviction and sentence on Count I, robbery with a firearm, are affirmed.
In Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) and Albernaz v. United States, ___ U.S. ___, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), the United States Supreme Court held that the imposition of consecutive sentences upon a defendant for offenses which arise from the identical factual transaction does not violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Because of the Florida Supreme Court's decisions, both in Mahaun v. State, supra, and State v. Pinder, supra, no inferior court in Florida is privileged to rule to the contrary.
*245 In light of the unequivocal pronouncements by the United States Supreme Court in Whalen and Albernaz, and to afford the Florida Supreme Court an opportunity to re-visit its decisions in Mahaun and Pinder, we certify to the Supreme Court of Florida the question as to whether it desires to continue to accord Article I, Section 9 of the Florida Constitution, regarding double jeopardy, a more restrictive construction than that given the double jeopardy clause of the United States Constitution.
Affirmed in part and reversed in part with directions.