404 So.2d 145 (1981)
Barry BOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-55.
District Court of Appeal of Florida, Second District.
September 9, 1981.
Rehearing Denied October 1, 1981.
Jack D. Hoogewind, Ridge Manor, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
Appellant, Barry Bowen, was tried by jury and convicted of attempted burglary. Bowen contends the court erred in failing to suppress certain incriminatory statements that he made after he had asserted his right to remain silent. We agree and reverse.
Bowen was charged with burglary of the Majik Market, a convenience store in Pasco County. At the scene of the crime, he was given his Miranda warnings, after which he refused to answer questions asked by the arresting officer. Subsequently, another officer, Detective Marco Stanley, arrived at the scene and questioned him. Bowen initially *146 refused to disclose his name. However, when Detective Stanley told him that without his name bail could not be posted, Bowen revealed his name and disclosed that he was on parole. He then stated that he did not wish to talk about the burglary. Nonetheless, Detective Stanley asked the appellant how he arrived at the scene, and Bowen responded that he came to the Majik Market with the codefendant whom he knew. Bowen moved to suppress this statement before Stanley testified, but the court denied the motion and admitted the detective's testimony of Bowen's statements.
Once a person in custody has asserted the right to remain silent, any statements obtained from that person are admissible only if the interrogating officer has scrupulously honored the accused's right to remain silent. Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Moreover, where an accused who has refused to discuss a crime subsequently makes an incriminating statement, the state has the heavy burden of showing the accused knowingly waived his right to remain silent. State v. Dixon, 348 So.2d 333 (Fla. 2d DCA 1977). To establish a waiver under these circumstances, the state must demonstrate that the interrogation was terminated at the accused's request and was resumed only when the accused has indicated his desire to make a statement. Rivera Nunez v. State, 227 So.2d 324 (Fla. 4th DCA 1969).
The rule adopted in Michigan v. Mosley protects a suspect from coercion by the police. In light of the relative positions of the police and the suspect in an interrogation situation, Florida cases have recognized that relatively little pressure by the police may overcome a suspect's will to remain silent. Breedlove v. State, 364 So.2d 495 (Fla. 4th DCA 1978); Jones v. State, 346 So.2d 639 (Fla. 2d DCA 1977); Webber v. State, 305 So.2d 235 (Fla. 2d DCA 1975).
Jones demonstrates that courts carefully scrutinize the actions of interrogating officers where a defendant has asserted his right to remain silent. There, the defendant was arrested and given Miranda warnings. At trial the arresting officer testified that he asked the defendant if he understood those rights and the defendant responded that he did not want to say anything. The officer admitted that he continued to question the defendant who subsequently made inculpatory statements. This court held the admission of these statements violated the defendant's right to remain silent and reversed the defendant's conviction.
In the instant case, Detective Stanley continued to question Bowen concerning the burglary after he had stated that he did not wish to discuss it. In addition, the state failed to demonstrate any subsequent waiver by Bowen. Therefore, since the detective failed to scrupulously honor the defendant's right to remain silent, the trial court erred in admitting these inculpatory statements.
In view of our opinion, we need not discuss appellant's other points. However, since we are remanding for a new trial, we caution the state to observe the principle elucidated in Clark v. State, 363 So.2d 331 (Fla. 1978), that there be no reference during trial to the defendant's right to remain silent. See, e.g., Tindall v. State, 395 So.2d 289 (Fla. 5th DCA 1981); Knight v. State, 374 So.2d 1065 (Fla. 3d DCA 1979); Davis v. State, 356 So.2d 1252 (Fla. 4th DCA 1978).
Accordingly, we reverse appellant's conviction and remand this cause for a new trial.
BOARDMAN and OTT, JJ., concur.