BOYD, Justice,
concurring in part and dissenting in part.
I concur with that portion of the Court’s decision that affirms the conviction of murder in the first degree. I dissent, however, from that portion of the decision which orders a reduced penalty of life imprisonment. Consistency in the application of the capital felony sentencing law requires that the trial court’s determination on the matter of sentence be sustained.
There were several aggravating circumstances properly found by the trial court. The court found that the offender had previously been convicted of felonies involving the use or threat of violence to human beings, citing two previous convictions for assault and one for robbery.
The court found that the appellant committed the murder for the purpose of avoiding or preventing arrest. I agree with the majority that this finding is not supported by evidence that appellant tried to cover up *1382 evidence of the murder. Covering up evidence of a murder does not establish that the murder itself was committed for the purpose of avoiding arrest or detection for criminal activity. The evidence showed, however, that appellant’s apartment was a center for the distribution of illegal drugs. On the night of the murder, the victim began loudly and angrily shouting and screaming at appellant in a manner that might have drawn attention to the apartment and resulted in police investigation. The killing was appellant’s method of silencing her to prevent his detection and arrest as a drug dealer.
The court found that the murder was especially heinous, atrocious, or cruel. The evidence showed that first appellant severely beat the victim, then tried to suffocate her, and finally strangled her with a telephone cord. These actions fully satisfy the requirements for application of this aggravating circumstance. The evidence also showed that appellant forced the victim to ingest large quantities of a powerful (and illegal) sedative. This took away her ability to resist his attacks and, far from mitigating the heinousness, in my view adds to it. The method of killing was strangulation supplemented by beating, suffocation, and poisoning.
The court found that the appellant murdered the young woman in a cold, calculated manner without any pretense of moral or legal justification. When the victim began shouting and screaming in an uncontrollable manner, appellant’s two roommates suggested that they remove her from the apartment and take her to her brother’s home. This would have solved the noise problem they were so worried about. It was appellant alone who rejected that solution and calmly announced that he preferred to kill her. He made this decision and terminated her life just as he might have performed any other normal routine function.
The court was correct to overrule the jury recommendation of life imprisonment since there was no reasonable basis for it. The murder was committed calmly and not in an emotional outburst. The relationship between the parties was not shown to have had an emotional impact on appellant at the time of the murder.
The disposition of the charges against appellant’s accomplices does not properly provide any mitigation under the circumstances here. I do not believe that judicial or prosecutorial outcomes regarding accomplices should be treated as matters in mitigation. See Malloy v. State, 382 So.2d 1190, 1193 (Fla.1979) (Boyd, J., dissenting in part). However, to the extent that an accomplice’s lesser punishment is relevant to mitigation, it is only so where the accomplice is equally or more culpable in the matter than the defendant. See, e.g., Jackson v. State, 366 So.2d 752 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Salvatore v. State, 366 So.2d 745 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Smith v. State, 365 So.2d 704 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Barclay v. State, 343 So.2d 1266 (Fla.1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978); Witt v. State, 342 So.2d 497 (Fla.), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977); Messer v. State, 330 So.2d 137 (Fla.1976); Slater v. State, 316 So.2d 539 (Fla.1975).
Since there was no conceivably reasonable basis for the jury to have found statutory or nonstatutory mitigating circumstances, the judge was correct to override their recommendation. Since a death sentence is the appropriate penalty under the law, I dissent.