LEHAN, Judge.
Defendant was convicted under section 806.01(1), Florida Statutes (1981), of arson in the first degree. He contends on appeal that the trial court erred in failing to suppress his confession. We agree with defendant and reverse the conviction because the confession was adduced under circumstances inconsistent with requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Following the fire, defendant was placed in custody pursuant to section 396.072, Florida Statutes (1981), which involves police custody of intoxicated and apparently incapacitated persons. At the police station, after having received a Miranda warning, defendant was interrogated by two police officers until he stated that he wished to remain silent. Then, after the officers told defendant that he was being charged with arson, there was further conversation between defendant and one of the officers. In that further conversation the officer surmised and commented to defendant as to the reasons why defendant started the fire. At that point defendant confessed.
Miranda requires that “when a suspect in police custody indicates that he wishes to remain silent, further interrogation at that time must cease.” Jones v. State, 346 So.2d 639, 640 (Fla. 2d DCA 1977). Miranda also is critical of the type of interrogation technique, used by the officer in this case, of suggesting the details of the crime to the defendant. Miranda, 384 U.S. at 451, 455, 86 S.Ct. at 1616, 1617, 16 L.Ed.2d at 711, 712. As this court pointed out in Bowen v. State, 404 So.2d 145, 146 (Fla. 2d DCA 1981),
Once a person in custody has asserted the right to remain silent, any statements obtained from that person are admissible only if the interrogating officer has scrupulously honored the accused’s right to remain silent.

In light of the relative positions of the police and the suspect in an interrogation situation, Florida cases have recognized that relatively little pressure by the police may overcome a suspect’s will to remain silent.
The following observation of this court in Jones is pertinent here.
No one can seriously doubt that [the officer] was attempting to obtain incriminating statements when he continued to converse with appellant about the incident after appellant had told him he did not want to talk.
346 So.2d at 640.
We recognize that defendant’s lamentations,[1] heard by the officer who was involved in the further conversation while completing defendant’s booking, preceded the officer’s further comments to defendant. The state argues, citing Witt v. State, 342 So.2d 497 (Fla.), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977), that defendant voluntarily decided not to remain silent and therefore Miranda is inapplicable. We disagree. In Witt the vol-untariness of a confession was shown by various circumstances which existed in that case and did not exist here. In Witt the defendant was readvised of his rights after he had changed his mind about remaining silent and had announced his desire to confess. Also, in this case, defendant’s change of mind which produced his confession occurred in response to the foregoing interrogation technique criticized in Miranda. Accordingly, the state’s “heavy burden demonstrating that the defendant knowingly and intelligently waived his privilege against self-incrimination ... and voluntarily confessed” was not met. Witt at 500.
*536 REVERSED AND REMANDED FOR NEW TRIAL.
RYDER, A.C.J., and SCHOONOVER, J., concur.

. The testimony of Detective William McVey established that the defendant, while sitting on the floor of the booking cell, was crying and intermittently repeating, "[Y]ou're going to have to prove that it was arson.”