462 So.2d 596 (1985)
STATE of Florida, Appellant,
v.
Larry Edward EVANS, Appellee.
No. 84-69.
District Court of Appeal of Florida, Fifth District.
January 24, 1985.
*597 Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
The State appeals[1] from an order of the trial court excluding from evidence the inculpatory statements made by defendant to a deputy sheriff. We reverse.
The abbreviated record before us reflects the following facts. Appellee Evans, confined in the Orange County jail on another charge, but under the name of Mark Sears, was interviewed by Seminole County Deputy Sheriff Bowden who was investigating a Seminole County burglary. Evans was a suspect in the Seminole burglary, and, when they came face to face, Bowden realized that Sears was really Evans because he had a picture of Evans with him. After fully advising Evans of his rights, Bowden inquired if Evans would talk with him. Evans responded that he wanted an attorney, so Bowden promptly stopped the questioning and left the jail. An information was subsequently filed against Evans for burglary and grand theft.
Approximately two months later, Bowden was advised that Evans, now confined in the Seminole County jail, wanted to talk with him. Bowden went to the jail, met with Evans and inquired if Evans had sent for him. Evans replied affirmatively, and when Bowden asked if he had counsel, Evans stated that he had been assigned a public defender, but had discharged him and wanted to talk with Bowden about the crime. Bowden then again read Evans his rights from a standard Miranda card. Evans acknowledged his understanding of these rights and signed the card. Bowden did not contact the public defender's office or make any inquiry as to the truth of Evans' statement that he had discharged his attorney. The interview which followed and which resulted in the admissions suppressed here were tape recorded, and the evidence reflects that Evans was aware of *598 this because the tape recorder and microphone were on the table between the two men.
Defendant supports the trial court's order because it makes these findings:
1. Deputy Bowden knew, before speaking with the defendant, that the defendant had previously been appointed a public defender.
2. When, in speaking with the defendant, Deputy Bowden learned of a conflict between the defendant and his public defender, Deputy Bowden should have not proceeded with the interview until such time as he verified the status of the attorney-client relationship between the defendant and his public defender.
3. Deputy Bowden should have not assumed the correctness of the defendant's statement reference "firing" his public defender.
4. In spite of defendant's apparent desire to speak with Deputy Bowden, he still should have communicated with the defendant's public defender, and, if the attorney-client relationship was still in existence, according to the public defender, Deputy Bowden should only have proceeded to interview the defendant with the consent of said public defender.
The State correctly asserts that there was no violation of defendant's right to counsel because such right was freely and voluntarily waived. In Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) the United States Supreme Court held:
[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police. [Emphasis added].
451 U.S. at 484-85, 101 S.Ct. at 1884-85, 68 L.Ed.2d at 386.
Edwards has since been interpreted by the United States Supreme Court in Wyrick v. Fields, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) to require an examination of the "totality of the circumstances" in order to determine whether a violation of the defendant's Fifth Amendment rights had occurred. In Oregon v. Bradshaw, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983) the United States Supreme Court stated that an initiation of conversation by an accused who had expressed the desire to deal with the police only through an attorney is not alone sufficient to show a waiver of the right to counsel. Therefore, after a defendant initiates a conversation with a police officer, it must be determined under the totality of the circumstances whether the waiver was knowing and intelligent.
In Waterhouse v. State, 429 So.2d 301 (Fla. 1983) the appellant was found guilty of murder. Among other things, he argued that the court erred in denying his motion to suppress several statements he made to the police because the officers had questioned him after he had invoked his right to consult an attorney. At appellant's first judicial appearance a public defender was appointed to represent him. Later that same day appellant made several admissions to the police in interviews which the court found he initiated. On appeal appellant argued that the officer should have notified his attorney before proceeding with the interview that afternoon. The Supreme Court of Florida stated:
There is no per se rule, however, requiring officers to notify the defendant's counsel before communicating with the accused and we decline to adopt such a rule now. The fact that an accused is represented by counsel does not preclude his waiver of the right to have counsel present when talking to law enforcement *599 officers. [citation omitted]. Here the appellant had invited the officers to return, was warned of his rights, and knowingly waived his right to have counsel present.
Id. at 305, 306.
In Witt v. State, 342 So.2d 497 (Fla.), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977) the appellant was arrested and advised of his rights. The appellant requested counsel. The police officers immediately stopped questioning the appellant. The next day appellant made his first judicial appearance with a public defender. The following morning appellant, in a casual conversation with a police officer, told the police officer that he wanted to confess to the murder, at which time the appellant was removed from his cell and taken to the Sheriff's Office where he confessed orally and in a hand-written statement. Finding it to be uncontraverted that prior to this confession defendant was fully advised of his constitutional rights, specifically rejected an offer to consult counsel, and signed a written waiver thereof, the court found that the circumstances showed a knowing and intelligent waiver of his right to have counsel present and his right to remain silent. The law does recognize a defendant's right to voluntarily change his mind after he has invoked his right to be questioned with counsel present. Witt, supra.
In summary, it is clear that after a suspect requests an attorney, a waiver of that right must be knowing, intelligent and voluntary. Edwards, supra. If a suspect initiates a second encounter and volunteers statements, nothing prohibits the police from listening. Id. This case before us does not present the situation where police officers impermissibly elicited statements from a suspect after the suspect had exercised his right to counsel and his right to remain silent. Instead, the appellee initiated the conversation with Deputy Bowden and, after again being advised of his rights, voluntarily signed a waiver, stated that he had fired or dismissed his public defender and that he wanted to speak to Deputy Bowden without counsel. Under the totality of circumstances the appellee clearly made a knowing and intelligent waiver of his right to have an attorney present. Deputy Bowden was not required to notify Evan's counsel before communicating with Evans under the circumstances of this case.
It was thus error to suppress the admissions. The order appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] Rule 9.140(c)(1)(B), Fla.R.App.P.