FRANK, Judge.
Danny Spiker was convicted of burglary of a dwelling, armed burglary, possession of burglary tools, and grand theft. He has appealed his judgment and sentence contending that the trial court erred in denying a motion to suppress his confession.
At the moment of his arrest, Spiker was given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He declined making a statement. He was taken to the Bartow police station where he was placed in an interrogation room and handcuffed to a chair. Spiker, after being in the interrogation room for five to ten minutes, was again advised of his Miranda rights and was then asked if he would make a statement in connection with the crimes. Spiker answered affirmatively and a statement in the nature of a confession was taken from him. The interrogation lasted approximately two hours and during that time he remained handcuffed. Spiker did not request an attorney either at or at anytime following his arrest.
Spiker subsequently sought to suppress his inculpating statement on the ground that it was not voluntary. His claim to a lack of voluntariness is based upon the fact that at the time of arrest he elected to remain silent in the face of having been accorded the Miranda requirements. The trial court denied the motion to suppress and Spiker entered nolo pleas stating that he reserved the right to appeal denial of the motion. We reject the contention that Spiker’s statement was not voluntarily expressed and we affirm his conviction.
As a threshold matter, we briefly consider whether the order denying suppression is appealable. In State v. Ashby, 245 So.2d 225 (Fla.1971), the supreme court determined that a dispositive matter of law can be reserved for appeal in the circumstance of a defendant’s nolo plea. Subsequently, however, in Brown v. State, 376 So.2d 382 *1065 (Fla.1979), the Supreme Court concluded “that as a matter of law a confession may not be considered dispositive of the case for purposes of an Ashby nolo plea.” 376 So.2d at 385. In spite of the seeming absoluteness of the supreme court’s statement in Brown, we have held that in the circumstance where the trial court has found that suppression would be dispositive of the case and has approved an agreement preserving for appeal the refusal to suppress a confession, appellate review is appropriate. Oesterle v. State, 382 So.2d 1293 (Fla. 2d DCA 1980). In the matter at hand, however, the record, at best, is murky both with respect to whether there was an agreement that an appeal could be taken in the face of the nolo plea and the trial court’s grant of approval to such an agreement. In any event, giving Spiker the benefit of any uncertainty as to the appealability of the order denying his motion to suppress, we affirm.
Spiker’s reliance on Bowen v. State, 404 So.2d 145 (Fla. 2d DCA 1981) is mistaken. We held in Bowen that when an accused refuses to discuss the crime but subsequently utters an incriminating statement, the state bears the burden of showing that the accused knowingly waived the constitutional rights specified in Miranda. Moreover, to establish voluntariness of the waiver in the context of an initial declination to “talk,” the state must also demonstrate that the response to resumed interrogation flowed from the accused’s desire to make a statement. Here, Spiker chose to remain silent immediately upon arrest, after warning, because he “just felt it wasn’t right to talk right then.” When he was at the police station, however, following the second Miranda warnings, he expressed a willingness to provide a statement, a fact he confirmed at the suppression hearing. Thus, based upon the record before us, the Bowen standards were met by the state.
Finally, to the extent that the handcuffing of Spiker is ascribed any significance affecting the voluntariness of his admissions, we adopt the view of the United States Court of Appeals for the Eleventh Circuit that “[t]he use of handcuffs does not establish coercion, and an accused does not have to be continually reminded of his Miranda rights once he has knowingly waived them.” Shriner v. Wainwright, 715 F.2d 1452, 1456 (11th Cir.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1328, 79 L.Ed.2d 723 (1984); United States v. Ogden, 572 F.2d 501 (5th Cir.1978), cert. denied, 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978).
Affirmed.
OTT, A.C.J., and CAMPBELL, J., concur.