CAMPBELL, Acting Chief Judge.
Appellant challenges his first degree murder conviction on the ground that the court should have suppressed his June 4 statement to officers. He argues that the officers did not scrupulously honor his invocation of the right to remain silent. Having concluded, however, that there was no such violation, we affirm.
On June 4, 1996, Appellant was arrested for the first degree murder of David Estrada. He was taken to the station house where Detective Atkinson read him his Miranda rights. After Appellant signed the waiver form, Detective Atkinson attempted to interview him. Appellant, however, stopped the interview and stated that he did not want to talk until his parents arrived. Detective Atkinson characterized this as an invocation of the right to remain silent. When Appellant’s parents arrived, Appellant and his parents were placed in a room together. Unbeknownst to Appellant or his parents, officers had wired the room and recorded everything that was said. During that conversation, Appellant admitted to the crime, and his parents advised him to tell the police. Following a restroom break for Appellant, a law enforcement officer entered the room, reread Appellant his Miranda rights, and obtained Appellant’s acknowledgment that he understood those rights. Appellant did not sign the form again. The officer then interrogated Appellant and took his statement while his parents were present. It is the trial court’s denial of Appellant’s motion to suppress that statement that Appellant now appeals.
Appellant contends that the denial was in error because, in obtaining the statement, the officers did not scrupulously honor his invocation of the right to remain silent. We cannot agree. Once at the station house, Appellant told the officers he did not want to talk to them until his parents arrived. The officers followed that directive and did not interrogate Appellant until after his parents had arrived and he had spoken to them. At that time, the officers reread Appellant his Miranda rights, and he acknowledged that he understood them. It was only then that they began questioning him. In fact, the improperly recorded conversation between Appellant and his parents reveals exactly what Appellant’s intent was. He told his parents: “I know I made a mistake. But I told the guy that I didn’t want to say my statement being by myself.” Near the end of the taped session, one of Appellant’s parents said to Appellant, “I have to go. I don’t know they going to let me stay in here. You want me to be here for your statement?” Appellant replied, “I told the guy that I wanted for you to be here. The guy, the policeman.” Several minutes later, the officer said to Appellant’s mother, “Mrs. Cruz, you want to sit right here?” The officers then began their interrogation.
It is clear that the officers waited to begin their questioning until Appellant’s parents were seated in the room, as Appellant had requested. We believe that the officers thus scrupulously honored Appellant’s invocation of his right to remain silent. As the Court observed in Michigan v. Mosley, 423 U.S. 96, 103-04, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), “through the exercise of his option to terminate questioning he [the defendant] can control the time at which questioning occurs, the subjects discussed, and the duration of the interrogation.” That is exactly what occurred here. Appellant both exercised his option to terminate questioning and controlled the time at which the questioning occurred — when his parents arrived.
While it is true that the officers improperly recorded the discussion between Appellant and his parents, that tape was not used at trial and did not in any way affect the officers’ subsequent questioning of Ap *713 pellant, which resulted in the challenged statement that Appellant sought to suppress. During that subsequent questioning, no mention was made of the discussion between Appellant and his parents. Rather, the officer referred to Appellant’s code-fendant’s report of the incident. While we cannot condone the taping, since that tape was not introduced at trial and was not otherwise a factor in the case, we conclude that the officers scrupulously honored Appellant’s invocation of his right to remain silent since they ceased questioning him at the time he conditionally terminated the interview. When Appellant’s parents arrived, that condition was met. The officers reinitiated questioning only after rereading Appellant his Miranda rights and obtaining his acknowledgment that he understood them. Under Mosley and Bowen v. State, 404 So.2d 145 (Fla. 2d DCA 1981), we believe that the court did not err in refusing to suppress Appellant’s June 4 statement to the officers. Accordingly, we affirm.
NORTHCUTT and SALCINES, JJ., Concur.